**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| **SAM KATZ**, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>**CHW GROUP, INC. d/b/a CHOICE HOME WARRANY,**<br><br>       Defendant. | **Case No. 22-cv-5198** |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL REMAND (THIRD CAUSE OF ACTION)

Plaintiff Sam Katz's complaint under the Telephone Consumer Protection Act ("TCPA") pleads three causes of action. The first is that Defendant CHW Group, Inc. ("Defendant") placed calls using a prerecorded or artificial voice without consent to Plaintiff and putative class members, in violation of 47 U.S.C. § 227(b). The second is that Defendant placed telephone solicitations to his and putative class members' telephone numbers which were on the National Do-Not-Call registry at the time in violation of § 227(c)(5) of the TCPA through 47 C.F.R. § 64.1200(c). The third is that Defendant failed to implement the policies and procedures required for honoring Do-Not-Call requests and maintaining an internal Do-Not-Call list prior to making telemarketing calls to his and putative class members' phone numbers, in violation of § 227(c)(5) of the TCPA through 47 C.F.R. § 64.1200(d). [Dkt. 3 ("Compl.")]

Defendant properly and timely removed this action to this Court pursuant to 27 U.S.C. § 1441(a). [Dkt. 2.] That, however, does not end the inquiry. When removal is challenged, the party invoking the Court's jurisdiction must establish all elements of federal subject-matter jurisdiction, including Article III standing.

Here, as the party that invoked this Court's jurisdiction, Defendant bears the burden of establishing each element of federal subject-matter jurisdiction. Defendant's Notice of Removal does not attempt to establish Article III standing for any of Plaintiff's causes of action. Nevertheless, with respect to the first two causes of action, Article III standing is clearly evidenced in the complaint pursuant to Eighth Circuit precedent.

The third cause of action, however, is a closer call. While no court in the Eighth Circuit has decided this issue, the Eleventh Circuit has found that for a plaintiff to have Article III standing for claims related to a defendant's failure to maintain the required policies and procedures for honoring do-not-call requests and maintaining an internal do-not-call list, that plaintiff must plead that he asked the defendant to "stop" and the calls continued. Plaintiff here did not so plead.

Accordingly, as currently pled, should the Court agree with the Eleventh Circuit, Plaintiff does not have Article III standing for his Count III under § 64.1200(d). Defendant has failed to establish anything to the contrary. Accordingly, partial remand is mandated, and Plaintiff respectfully requests that this Court remand his cause of action under 47 C.F.R. § 64.1200(d) to the Circuit Court of Benton County, Arkansas pursuant to 28 U.S.C. § 1447(c).

## I.     PROCEDURAL AND FACTUAL BACKGROUND

On July 18, 2022, Plaintiff Katz filed a putative class action complaint under the TCPA in the Circuit Court of Benton County, Arkansas. Therein, Plaintiff pled three causes of action: the first that Defendant placed prerecorded telemarketing calls to him without his consent; the second that Defendant placed telephone solicitations to his telephone number which was on the National Do-Not-Call Registry; and the third that Defendant placed telemarketing calls to him in the absence of policies and procedures for maintaining an internal do-not-call list and honoring do-not-call requests. *See* Compl.

On September 27, 2022, Defendant Walden removed this matter to the Western District of Arkansas pursuant to 28 U.S.C. § 1441 on the basis of 28 U.S.C. § 1331 (Federal Question). [Dkt. 2.] Defendant does not discuss Article III standing in its Notice of Removal.

## II.    LEGAL ARGUMENT

### a. Defendant bears the burden of showing all elements of Article III standing.

While Defendant appears content, for the time being, to allow this case to proceed as if Article III standing were present for each claim, Article III standing is not subject to waiver or forfeiture. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'") (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). As such, if this issue is not raised and resolved now, the Parties risk litigating for months

or years only for it to be decided that the Court is without subject-matter jurisdiction because Plaintiff lacks Article III standing for one or both of his claims. This is not only a risk to judicial and party economy, but it invites unnecessary gamesmanship, where a party might choose to keep the Article III standing issue in its back pocket until it sees which way the winds are blowing in a particular court or before a particular judge. *See, e.g. Dartell v. Tibet Pharms., Inc.*, Case No. 14-cv-3620, 2018 U.S. Dist. LEXIS 125643, *12 (D.N.J. July 27, 2018) (expressing sympathy to plaintiff, but considering an Article III standing objection brought six years after the case was filed).

As the Supreme Court has stated, "the party invoking federal jurisdiction bears the burden of establishing" the basis of that jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). In cases removed from state court, then, the removing defendant must prove the federal court's jurisdiction.[1] *Id.; see also Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8t Cir. 2005) (the removing party "bears the burden of establishing jurisdiction by a preponderance of the evidence."); *Steel Valley Authority v. Union Switch and Signal Division,* 809 F.2d 1006, 1010 (3d Cir. 1987) citing *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir. 1974); *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied,* 498 U.S. 1085 (1991); *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92 (1921)). Parties cannot stipulate to

---

[1] Removal of state court actions into federal court is governed by 28 U.S.C. § 1441, which provides: "[g]enerally . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

or concede subject-matter jurisdiction because a federal court has a special obligation to satisfy itself of its own jurisdiction. *Sosna v. Iowa,* 419 U.S. 393, 398 (1975); *see also* Wright & Miller, 13 Fed. Prac. & Proc. Juris. § 3522, Courts of Limited Jurisdiction (3d ed.) ("The parties cannot confer on a federal court jurisdiction that has not been vested in that court by the Constitution and Congress.").

To meet its burden, Defendant must establish that two requirements are met: (1) that the claims asserted are within the judicial powers of the federal court as defined by Article III, § 2 of the Constitution; *and* (2) Congress has authorized the court to hear the claim in question. *See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 89 (1998); *see also Moore v. Olson*, 368 F.3d 757, 760 (7th Cir. 2004) ("If Congress has authorized federal courts to resolve particular claims, and if the claim presents a case or controversy within the scope of Article III, then federal courts have subject-matter jurisdiction."), *cert. denied*, 543 U.S. 949 (2004). Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III". *Lujan* 504 U.S. at 560. "Article III standing is a prerequisite to a federal court's exercise of subject-matter jurisdiction." *J W v. Birmingham Bd. Of Educ.*, 904 F.3d 1248, 1264 (11th Cir. 2018); *see also Hartig Drug Company Inc. v. Senju Pharmaceutical Company, Ltd.*, 836 F.3d 261, 269 (3d Cir. 2016) ("Article III standing is essential to federal subject matter jurisdiction.").

Article III standing requires the party invoking jurisdiction to prove three elements:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and

> particularized, and (b) actual or imminent, not conjectural or
> hypothetical[.] Second, there must be a causal connection
> between the injury and the conduct complained of.... Third, it
> must be likely ... that the injury will be redressed by a favorable
> decision.

*See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *see also Friends of the Earth, Inc.*
*v. Laidlaw Envtl. Sys. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (same). *Bock v.*
*Pressler & Pressler, LLP*, 658 Fed. Appx. 63, 64 (3d Cir. 2016) (quoting *Lujan*, 504
U.S. at 560-61 (alterations in original)). In determining whether Article III standing
is present, courts look to the allegations in the complaint.[2] *See Salcedo v. Hanna*, 936
F. 3d 1162, 1167 (11th Cir. 2019).

Should Defendant fail to prove any element of subject-matter jurisdiction,
including Article III standing, the only remedy is to remand to state court. 28 U.S.C.
§ 1447(c) ("If at any time before final judgment it appears that the district court lacks
subject matter jurisdiction, the case shall be remanded."); *see also St. Louis Heart*
*Ctr., Inc. v. Nomax, Inc.*, 899 F.3d 500, 505 (8th Cir. 2018) (finding remand is the
proper remedy when jurisdiction is lacking over a case removed from state Court).

### b. The proper remedy for partial subject-matter jurisdiction is partial remand.

The less litigated question is what to do when presented with a situation where
subject-matter jurisdiction is present for *some* claims but not others. There appear to
be two theoretical options: remand the entire case, though the Court has subject-

---

[2] Notably, even if Defendant were not required to prove Article III standing in its Notice of
Removal, it is indisputably Defendant's burden to do so now. *Mittenthal v. Fla. Panthers*
*Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1222 (S.D. Fla. 2020).

matter jurisdiction over one of the claims and removal was proper for that claim, or remand only the claim over which the Court lacks subject-matter jurisdiction and removal was improper for that claim.

The latter appears to be the proper answer. Supreme Court precedent requires courts to evaluate each claim separately for subject-matter jurisdiction. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352-53 (2006) (rejecting the notion that a "common nucleus of operative facts" could supplant Article III requirements, and requiring "standing separately for each claim of relief sought"). A court cannot exercise jurisdiction—supplemental or otherwise—over a claim that lacks Article III standing. *Id.* at 351-52.

Accordingly, the Supreme Court has noted in dicta that an "ordinary reading" of the remand statute suggests that remand is only required when subject-matter jurisdiction is lacking over the entire case, and that § 1447 could conceivably be read to provide for the remand of "a claim within a case". *Wisconsin Department of Corrections, et. al. v. Schacht*, 524 U.S. 381, 392 (1998).

The Eighth Circuit has looked favorably upon this language, characterizing it as disagreeing with the notion that if the "district court lacks subject matter jurisdiction over any claim, then every claim … must be remanded", and instead holding that "remand of an entire case was improper where the court had jurisdiction over some related claims." *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 993 (8th Cir. 2016). In that same opinion, the *Hughes* panel also held that "[i]f a case is removed from state court, those claims lacking Article III standing shall be

remanded." *Id.* (citing *Shaw v. Marriott Int'l, Inc.*, 605 F.3d 1039, 1044 (D.C. Cir. 2010)).

Partial remand appears to be the consensus outside of this District and Circuit, as well. *See, e.g. Lee v. American Nat. Ins. Co.*, 260 F.3d 997, 1002, 1007 (9th Cir. 2001) (holding that "a district court may not under § 1447(c) remand a case in its entirety where there is subject matter jurisdiction over some portion of it" and that "[a] case that is properly removed in its entirety may nonetheless be effectively split up when it is subsequently determined that some claims cannot be adjudicated in federal court."); *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 993 (8th Cir. 2016) (partially remanding a case for lack of Article III standing); *Berquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010) ("If some parts of a single suit are within federal jurisdiction, while others or not, then the federal court must resolve the elements within federal jurisdiction and remand the rest[.]"); *Am. Capital Acquisitions Partners LLC v. Fortigent LLC*, 595 Fed. App'x 113 (3d Cir. 2014) (successful standing challenge to one claim did not warrant remand of other claims);*Shaw v. Marriott Intern., Inc.*, 603 F.3d 1039, 1044 (D.C. Cir. 2010) (rejecting plaintiff's argument for remand of entire case and stating that "[t]he federal court may hear the claims for which federal jurisdiction exists); *Moriarty v. Am. Gen. Life Ins. Co.*, 2022 U.S. Dist. LEXIS 133021, *17-18 (S.D. Cal. July 26, 2022) (finding partial remand to be proper); *California v. N. Tr. Corp.*, 2013 U.S. Dist. LEXIS 53155 (C.D. Cal. Apr. 10, 2013) (same); *Santiago v. City of Chicago*, 2022 U.S. Dist. LEXIS 63108, *19-20 (N.D. Ill. Apr. 5, 2022) (same).

This makes logical sense. Courts lack power to remand properly removed federal claims to state court. *See, e.g. In re City of Mobile*, 75 F.3d 605, 607-08 (11th Cir. 1996) ("[T]he district court must retain jurisdiction over the properly removed federal claim."). Just as a "common nucleus of operative facts" cannot *provide* subject-matter jurisdiction for claims over which a court would not otherwise have subject-matter jurisdiction, *DaimlerChrysler*, a "common nucleus of operative facts" cannot *remove* subject-matter jurisdiction from a claim over which a court *would* otherwise have subject-matter jurisdiction. In other words, a court cannot remand a claim for which removal was proper and subject-matter jurisdiction is present just because it was removed alongside a claim for which removal was improper and subject-matter jurisdiction is not present.

While this might seem superficially unfair to Defendant, this is a risk for the removing party to consider prior to removing a case where the Plaintiff's Article III standing is questionable. *Reyes v. Checksmart Fin., LLC*, 701 F. App'x 655, 660 (9th Cir. 2017) (Bencivengo, J., concurring in part). It is also preferable to the alternative, which would "enabl[e] defendants to prevent plaintiffs from seeking relief for which they have standing in state court, but not under Article III, by removing the entire case." *Id.*

### c. Plaintiff has standing for his 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200(c) claims.

At the outset, Plaintiff notes that Defendant has made no effort to establish or even discuss Article III standing in its Notice of Removal for *any* of Plaintiff's claims. [Dkt. 2.]. Whether it was required to do so in the Notice, however, is of no matter, as

even if it was not, it does not "obviate the need for standing to exist." *Buscema v. Wal-Mart Stores East LP*, 485 F. Supp. 3d 1319, 1331-32 (D. N.M. 2020).

Nevertheless, Plaintiff clearly has standing to assert his first and second causes of action. As most District Courts to address this question have concluded, "even one unwanted call is generally enough to clear Article III's low bar for concrete injury." *Adam v. CHW Grp., Inc.*, 2021 U.S. Dist. LEXIS 170620, *35 (N.D. Iowa Sept. 9, 2021); *see also Greenley v. Laborers' International union of North America*, 271 F. Supp. 3d 1128, 1138 (D. Minn. 2017); *McCall Law Firm, PLLC v. Crystal Queen, Inc.*, 335 F. Supp. 3d 1124, 1130-31 (E.D. Ark. 2018) ("statutory violations of the TCPA constitute 'concrete' injuries that confer Article III standing"); *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1270 (11th Cir. 2019) ("The receipt of more than one unwanted telemarketing call made in violation of the provisions enumerated in the TCPA is a concrete injury that meets the minimum requirements of Article III standing."); *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301, 1306 (11th Cir. 2020) (same).

Causation is present for these claims too. The injuries Plaintiff suffered due to Defendant's calls without consent, such as invasion of privacy, lost time, and nuisance, are of course attributable to Defendant calling without consent as prohibited by 47 U.S.C. § 227(b). [Compl., ¶ 130,] And the injury that § 64.1200(c) was meant to prevent—unwanted telephone solicitations to persons who made clear their numbers were not to be solicited by placing their numbers on a Do-Not-Call Registry—is traceable to Defendant's actions of calling such a number. *See Cordoba*, 942 F.3d at 1272 ("[Standing] is not a problem for the class based on calls made to

individuals on the National Do Not Call Registry, since those whose numbers are on the Registry and nevertheless received marketing calls suffered an injury that is traceable to [Defendant's] misconduct—if [Defendant] had followed the law and not called numbers on the Registry, they would not have been injured."). Accordingly, Plaintiff's allegations are sufficient to establish Article III standing with respect to Plaintiff's claim for prerecorded calls without consent and calls to his number on the National Do-Not-Call Registry.

**d.  Plaintiff's Article III standing for his § 64.1200(d) claim is in doubt.**

While the Complaint's allegations are sufficient for Article III standing with respect to Plaintiff's 47 U.S.C § 227(b) and 47 C.F.R. § 64.1200(c) claims, the same is in doubt for Plaintiff's § 64.1200(d) claim. This claim alleges that Defendant made telemarketing calls to his telephone number without maintaining the required policies and procedures for internally honoring do-not-call requests. Few courts have addressed this question.

The most prominent Court to address this—the 11th Circuit—has found that only persons who received calls after asking the caller to stop have Article III standing for a § 64.1200(d) claim. *Cordoba*, 942 F.3d at 1272. The court found that, without a stop request, there was no injury traceable to the caller's failure to maintain internal do-not-call policies and procedures, writing:

> [I]f an individual … was called by [Defendant] and never asked [Defendant] not to call them again, it doesn't make any difference that [Defendant] hadn't maintained an internal do-not-call list. [Defendant] could and would have continued to call them even if it had meticulously followed the TCPA and the FCC regulations.

*Id.* In other words, a person might have received an unwanted telemarketing call, but until they say stop, that injury is not traceable to a caller's lack of an internal do-not-call policy, because that policy (or lack thereof) was never implicated. Nowhere in Plaintiff's operative complaint does he plead that he asked Defendant to stop calling. Accordingly, if this Court agrees with *Cordoba*, Plaintiff lacks Article III standing for this claim (Count III) and this claim must be remanded.

None of this is to say that Plaintiff could or could not amend his complaint to plead the facts necessary for Article III standing for his § 64.1200(d) claim (e.g. that he asked Defendant to stop). But Congress has authorized state courts to hear claims under the TCPA. *See* 47 U.S.C. § 227(c)(5) ("A person or entity may, if otherwise permitted by the laws or rules of Court of a State, bring in an appropriate court of that State…). Therefore, Plaintiff, as "the master of his complaint … may opt to sue in State court." *Davis v. Yates*, Case No. 15-cv-6943, 2016 U.S. Dist. LEXIS 94719 at *3 (D.N.J. July 20, 2016).

Plaintiff chose to do so. He filed in state court. This matter is only in Federal Court because Defendant elected to remove it. Since Arkansas does not follow Article III, Article III standing concerns were not considered in the drafting of the complaint and Article III standing elements were not required to be pled.

Accordingly, Plaintiff's silence on issues that might be relevant to Article III standing for § 64.1200(d) claim are not intended to indicate anything *factual* other than Plaintiff filed his complaint in state court, intended to remain in state court, and

did not need to tailor his complaint to Article III standing issues relevant only to Federal Court.

## III.   CONCLUSION

Defendant has not shown and cannot show that this Court has Article III jurisdiction over Plaintiff's § 64.1200(d) claim as pled and, therefore, as the removing party, has not met and cannot meet its burden of establishing that federal jurisdiction is proper for that claim. Accordingly, Plaintiff respectfully requests that this Court remand Plaintiff's § 64.1200(d) claim (Third Cause of Action) to state court pursuant to 28 U.S.C. § 1447(c).

**Dated:** December 2, 2022                    s/ Jeremy M. Glapion_____
                                               Jeremy M. Glapion
                                               **THE GLAPION LAW FIRM, LLC**
                                               1704 Maxwell Drive
                                               Wall, New Jersey 07719
                                               Tel: 732.455.9737
                                               Fax: 732.965.8006
                                               jmg@glapionlaw.com
                                               (Pro hac vice)

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 2, 2022, I electronically filed the foregoing with the Clerk of Court by using the Cm/ECF system, which will send notice of electronic filing to counsel of record.

**Dated:** December 2, 2022        /s/ Jeremy M. Glapion_____
                                                    Jeremy M. Glapion