IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| SAM KATZ, on behalf of himself and all other similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY,<br><br>*Defendant*. | Case No. 5:22-cv-05198-PKH |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION FOR PARTIAL REMAND**

Defendant CHW Group, Inc. d/b/a Choice Home Warranty ("CHW") respectfully submits this opposition to the motion for partial remand (Dkt. 18, "Motion") filed by Plaintiff Sam Katz ("Plaintiff") in this matter. For all the reasons below, the Motion should be denied in its entirety.

**I.      INTRODUCTION**

Simply put, the Motion is utterly baseless. It is readily apparent that CHW properly removed this case to federal court, invoking this Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331, because the underlying original Complaint upon which removal was based (*see* Dkt. 2-1)[1] asserted three purported causes of action under the federal Telephone Consumer Protection Act ("TCPA"). *See* Notice of Removal (Dkt. 2) at ¶¶ 1, 8-9. In his Motion, Plaintiff—who is a serial TCPA litigant who *himself* has invoked federal question jurisdiction to bring similar TCPA claims against other defendants[2]—does not dispute, and indeed *concedes*, that removal of this

---

[1] Plaintiff recently amended his state complaint in this Court in response to CHW's motion to dismiss. *See* Dkt. 23. Notably, however, Plaintiff still asserts the same three causes of action.

[2] *See, e.g., Katz v. CrossCountry Mortgage LLC, et al.*, Case No. 1:22-cv-00925, N.D. Ohio, Dkt. 1, ¶¶ 30-32 (alleging that the defendant violated the TCPA to the extent that the defendant purportedly did not have or follow proper internal "Do Not Call" list policies and procedures).

1

case was proper. *See* Dkt. 18 at 2. Moreover, the original Complaint contained various express allegations of "concrete harm" that Plaintiff concluded "are sufficient" to confer standing under Article III of the U.S. Constitution, and which were not limited to any one particular claim and were pled to apply to each of his three asserted TCPA claims. Dkt. 2-1, ¶¶ 130-131. These allegations of "concrete harm" were repeated verbatim in his First Amended Complaint. *See* Dkt. 23, ¶¶ 137-138.

Nonetheless, Plaintiff's Motion now asks this Court to remand just one of his three TCPA claims—specifically, Count III, which asserts purported violations of the TCPA's "internal" Do-Not-Call ("DNC") regulations—on the grounds that Plaintiff did not expressly plead that he asked CHW to "stop" calling him and, therefore, he **may or may not** have standing to assert that claim. *Id*. at 11-13. In other words, Plaintiff does not admit or deny in his Motion that he made a "stop" request or concede he lacks standing and, instead, says he intentionally omitted this fact from his Complaint because he preferred to stay in state court. *Id.* As a result, and relying solely on one non-binding Eleventh Circuit case for his argument, Plaintiff's Motion oddly contends that whether Plaintiff has Article III standing to bring an internal DNC claim "is in doubt" and that CHW has not shown this Court has subject matter jurisdiction over this claim "as pled" in its Notice of Removal. *Id*. at 12-13.

However, the law in the Eighth Circuit on this front could not be more clear: CHW was <u>not</u> required to plead, much less concede or prove, that Plaintiff has truly suffered a concrete injury sufficient for Article III standing in its Notice of Removal. Instead, CHW properly relied upon the allegations in the original Complaint, which support the conclusion that Plaintiff has at least alleged injury sufficient for standing in federal court and thus for removal. And again, Plaintiff notably does not argue in his Motion that he actually lacks Article III standing to assert an "internal" DNC claim or that he did not suffer concrete harm as a result. To the contrary, Plaintiff affirmatively alleged in both of his complaints that he "suffered concrete harm" that he contends is "sufficient for Article III

2

standing" as a result of his alleged receipt of at least sixty unwanted calls, texts and/or voicemails purportedly from or on behalf of CHW, including, for instance, device storage, data usage, lost time tending to and responding to the unsolicited calls and texts, invasion of privacy, nuisance, and increased risk of all of the above. *See* Dkt. 2-1, ¶¶ 130-131; Dkt. 23, ¶¶ 137-138. Plaintiff gives no indication that this alleged "harm" is limited to just his other two TCPA claims asserted in Counts I and II. Plaintiff also suggests that he might be able to amend his pleading to assert additional facts (*i.e.*, that he did indeed ask for the calls to stop) that he claims are currently lacking. Dkt. 18 at 12. And while CHW disputes that Plaintiff suffered any "harm" in this case for a number of reasons—including *inter alia* that CHW has evidence strongly suggesting that he consented to the at-issue calls and thus calling into question the veracity of all his claims—those issues are premature at this early stage of the litigation and are irrelevant here.[3] What matters at present is that Plaintiff has pled three federal claims and alleges he suffered concrete harm. That is enough for removal to this Court.

All told, Plaintiff seemingly invites this Court to issue an advisory opinion as to Article III standing, which the Court is not permitted to do, and/or for CHW to admit that he has stated a viable internal DNC claim or to concede he was injured or has Article III standing, which CHW is not required to do. Plaintiff also seeks to burden CHW and the courts with litigating this matter in two forums. In the end, however, this case—including Plaintiff's "internal" DNC claim—was properly removed, and the Motion does not show otherwise. Thus, Plaintiff's gamesmanship and strategic efforts to avoid this Court's jurisdiction should be rejected, and his Motion should be denied.

## II.   APPLICABLE LEGAL STANDARD

"[A]n action brought in state court may be removed if 'the district courts of the United States

---

[3] CHW moved to dismiss Plaintiff's original Complaint, in its entirety, on various grounds under Rule 12(b)(6). *See* Dkt. 19 & 20. Though CHW does not concede Plaintiff's Article III standing here or in its Notice of Removal (and is not required to), CHW did not move to dismiss on that basis.

3

have original jurisdiction.'" *Davis Neurology PA v. DoctorDirectory.com LLC*, 896 F.3d 872, 875 (8th Cir. 2018) (citing 28 U.S.C. § 1441(a)). District courts have original jurisdiction over all claims and actions arising under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The Eighth Circuit has stated that the term "shall" in § 1331 means that "federal courts must accept and cannot reject [federal question] jurisdiction." *McLaurin v. Prater,* 30 F.3d 982, 984–85 (8th Cir. 1994). Indeed, "[w]here a party seeks to have remanded to state court a case that has been removed...a district court has no discretion to remand a claim that states a federal question." *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002).

The Supreme Court of the United States in *Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740, 747-53 (2012), addressed the issue of whether the federal district courts have jurisdiction over TCPA claims, holding that such a claim is, in fact, one that "arises under" the laws of the United States. *See also Ruby v. Build-A-Bear Workshop, Inc.*, 2022 WL 2867076, at *2 (E.D. Mo. July 21, 2022) (finding that TCPA claim was properly removed under 28 U.S.C. § 1331); *Missouri ex rel Nixon v. Progressive Bus. Publications, Inc.,* 504 F. Supp. 2d 699, 701 (W.D. Mo. 2007) (ruling that TCPA claim is a proper basis for removal under 28 U.S.C. §§ 1331 and 1441).

III. **ARGUMENT**

    A. **CHW Properly Removed This Case to This Court.**

Plaintiff argues that his "internal" DNC claim (Count III) should be remanded because he did not plead that he asked CHW to stop calling him and thus he may or may not have Article III standing to assert this claim. *See* Dkt. 18 at 12. This argument should be rejected for several reasons:

    1. **CHW does not bear the burden of establishing Article III standing.**

Contrary to Plaintiff's suggestion (*see* Dkt. 18 at 3-4), CHW was not required to establish Article III standing in its Notice of Removal for any of Plaintiff's asserted federal causes of action

in this Circuit—or even in the Eleventh Circuit. *See Mawby v. Folger Coffee Co.*, 2021 WL 1997166, at *2 (W.D. Mo. Jan. 15, 2021) (denying motion to remand even though the defendant "advance[d] no specific argument and d[id] not point to any specific allegation in either the Petition or Notice of Removal to support its assertion that [p]laintiff has standing" and the plaintiff "stop[ped] short of saying that she actually ***lacks*** standing") (emphasis original); *see also Gonzalez v. TCR Sports Broad. Holding, LLP,* 2018 WL 4292018, at *2 (S.D. Fla. Sept. 10, 2018) ("Before the Court now is only the argument that Defendants were required to allege Plaintiff's standing in their notice of removal. ***That is clearly not what the law requires***.") (emphasis added); *Navtech US Surveyors USSA Inc. v. Boat/Us Inc.,* 2019 WL 3219667, at *2 (M.D. Fla. July 17, 2019) ("Although standing is a jurisdictional issue, it differs from subject matter jurisdiction needed for removal. Original jurisdiction like diversity or federal question jurisdiction governs removal under 28 U.S.C. § 1441…. And § 1441 does not require proof of standing" in order to remove) (internal citations omitted)).

Rather, all that is required for removal purposes is that Plaintiff's pled allegations "support the conclusion that Plaintiff has alleged a concrete [ ] harm sufficient to confer standing in federal court." *Alame v. Mergers Mktg.*, 2017 WL 4167454, at *3 (W.D. Mo. Sept. 19, 2017). Plaintiff did so here. Indeed, not only does Plaintiff stop short of saying in his Motion that he actually lacks Article III standing to assert an internal DNC claim, but also his original Complaint affirmatively alleged that he "suffered concrete harm" that he concluded is "sufficient for Article III standing" for ***all three*** of his asserted TCPA claims, including device storage, data usage, lost time tending to and responding to the unsolicited calls and text messages, invasion of privacy, nuisance, and increased risk of all of the above. Dkt. 2-1, ¶¶ 130-131. The same is true for his recently-filed First Amended Complaint. *See* Dkt. 23, ¶¶ 137-138. Under applicable law, CHW was not required to include these

allegations in its Notice of Removal, let alone to concede or prove them,[4] and whether these allegations are true is immaterial here. Instead, they are sufficient at this early stage of the case to support this Court's subject matter jurisdiction for removal purposes. *See Alame and Mawby, supra*.

### 2. Plaintiff does not argue that he actually lacks Article III standing.

Plaintiff does not cite any binding or other Eighth Circuit authority to support his argument that "only persons who received calls after asking the caller to stop have Article III standing for a § 64.1200(d) claim." Dkt. 18 at 2. In fact, Plaintiff acknowledges that "**no court in the Eighth Circuit has decided this issue**." *Id.* (emphasis added). Moreover, there is no argument in the Motion that Plaintiff **actually lacks** standing to assert his "internal" DNC claim at this early stage in the litigation. Instead, and at best, Plaintiff merely contends, based on one non-binding Eleventh Circuit decision, that because he intentionally did not plead whether he made a "stop" request, his Article III standing to assert such a claim is **possibly** "in doubt." *Id.* at 11-12. Plaintiff's position is unavailing.

Courts in the Eighth Circuit and elsewhere have declined to remand TCPA and other claims where, as here, "there [wa]s nothing before the [c]ourt indicating that it lacks jurisdiction over the case." *Associated Mgmt. Servs., Inc. v. Capstan Healthcare, LLC*, 2019 WL 5213330, at *1 (E.D. Mo. Oct. 15, 2019); *see also Mawby,* 2021 WL 1997166, at *2-3 ("[B]ecause no party currently argues that Plaintiff lacks standing, and because the Court has satisfied its independent obligation to address potential jurisdictional problems, the Court concludes that remand is inappropriate."); *Ruby*, 2022 WL 2867076, at *2 (denying motion to remand in a TCPA case where, as here, the plaintiff did not actually "contend that he lack[ed] standing or that he did not suffer any injury" and "ha[d]

---

[4] Though these allegations are not in CHW's Notice of Removal, this Court may consider them here. *See, e.g., Drake v. Wells Fargo Bank, N.A.,* 2011 WL 10795515, at *2 (W.D. Mo. Oct. 7, 2011) ("[E]ven if the notice of removal standing alone did not explain [the asserted basis for removal] adequately, the Court would construe Defendants' opposition to Plaintiffs' motion to remand as an amendment to its notice of removal.") (citations omitted).

alleged in his amended complaint and discovery responses that he suffered injuries as a result of receiving at least six unwanted text messages from Defendant, including aggravation and annoyance, intrusions, and interference with his use and enjoyment of his cell phone").[5] This Court should rule similarly in this instance; and nothing in Plaintiff's Motion warrants a contrary result.

Plaintiff's strict reliance one non-binding Eleventh Circuit decision for his contention that he might lack standing is misplaced. *See* Dkt. 18 at 11-12 (citing *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1272 (11th Cir. 2019)). There, the Eleventh Circuit vacated a class certification order in part because class members who were not on the National Do Not Call Registry and never asked the defendant to stop calling them lacked Article III standing to assert an "internal" DNC claim. *Id*. In stark contrast, as noted above, Plaintiff tellingly does not actually argue in his Motion that he lacks standing to assert an "internal" DNC claim in his Motion, let alone state whether he did or did not make a "stop" request. In fact, Plaintiff expressly acknowledges that he could *potentially* amend his complaint to plead the facts necessary for Article III standing—assuming, of course, that the standard articulated in *Cordoba* is the same as it is in the Eighth Circuit (and, as Plaintiff correctly notes, no court in this Circuit has decided this issue). *See* Dkt. 18 at 1, 12 ("None of this is to say that Plaintiff could or could not amend his complaint to plead the facts necessary for Article III standing for his [internal DNC claim] (e.g. that he asked Defendant to stop)."). In other words, Plaintiff is not saying that he actually lacks Article III standing, suggests that he does indeed have standing, and simply argues that his operative complaint does not *presently* state that "he asked Defendant to stop calling"

---

[5] Courts outside this Circuit have reached similar conclusions in TCPA cases. *See, e.g., Laccinole v. Glob. Payments Check Servs., LLC*, 2021 WL 2805378, at *1 (D.R.I. July 2, 2021) (denying motion to remand in TCPA case where plaintiff "plainly allege[d] a violation of a federal statutory right and that he 'suffered damages,' i.e., tangible (or intangible) harm, as a result."); *Laccinole v. U.S. Veterans Assistance Found., Inc.*, 2021 WL 3213005, at *1 (D.R.I. July 29, 2021) (denying motion to remand in TCPA case, stating plaintiff's contention his complaint failed to establish Article III standing because his TCPA claims did not plead a concrete injury was "perplexing"); *Laccinole v. ADT LLC*, 2018 WL 4828407, at *1 (D.R.I. Oct. 4, 2018) (ruling similarly).

7

but could possibly do so later. *Id*. Thus, unlike in *Cordoba*, Plaintiff's Motion offers no basis for this Court to rule on whether Plaintiff did or did not suffer an injury sufficient to confer Article III standing for his "internal" DNC claim. *See also Burda v. M. Ecker Co.,* 954 F.2d 434, 438 n. 3 (7th Cir. 1992) ("A plaintiff also may not artfully omit facts that indicate federal jurisdiction.").

Further, whether Plaintiff is ultimately successful in establishing his Article III standing to assert an internal DNC claim, should this case proceed past the pleadings stage, is irrelevant for present purposes. As the Eighth Circuit aptly held, "[i]t is crucial ... not to conflate Article III's requirement of injury in fact with a plaintiff's potential causes of action, for the concepts are not coextensive." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 909 (8th Cir. 2016); *see also Campbell v. Minneapolis Pub. Hous. Auth. ex rel. City of Minneapolis*, 168 F.3d 1069, 1074 (8th Cir. 1999) ("We repeat the fundamental principle that the ultimate merits of the case have no bearing on the threshold question of standing."); *Gonzalez,* 2018 WL 4292018, at *2 (denying motion to remand, stating: "the issue of Plaintiff's standing [in a TCPA case] is a complex one and the Court is not prepared to rule on it in the absence of full briefing and argument in which the issue is squarely presented"); *Ward v. Alternative Health Delivery Systems, Inc.,* 261 F.3d 624 (6th Cir. 2001) (when "the defendants filed their notice of removal, plaintiffs' complaint did include two federal claims on its face" and, thus, "the action was properly removed," even though the district court later dismissed plaintiffs' federal claims on standing grounds). Thus, that the Court may find Plaintiff lacks standing to bring an "internal" DNC claim in the future has no bearing on whether it has subject matter jurisdiction for removal purposes now. *See also Associated Mgmt.,* 2019 WL 5213330, at *1 (holding motion to remand in TCPA case "premature" because there was "nothing before the [c]ourt indicating that it lack[ed] jurisdiction over the case," the case was at the early stages, and discovery had not begun).

In short, Plaintiff appears to be seeking an advisory opinion from this Court as to whether an

allegation that he asked CHW to stop calling him—*if* he amends his pleading again at some point in the future—is sufficient for Article III standing to assert an "internal" DNC claim in the Eighth Circuit. However, this Court is precluded from issuing such advisory opinions. *See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 930 (8th Cir. 2005); *see also Navtech US Surveyors USSA Inc. v. Boat/Us Inc.*, 2019 WL 3219667, at *2 (M.D. Fla. July 17, 2019) (declining to issue advisory opinion on standing). It should refrain from doing so here.

### 3. Plaintiff's request for partial remand is improper gamesmanship.

It is ironic Plaintiff argues for remand on the grounds that his potential lack of standing "is not only a risk to judicial and party economy, but it invites unnecessary gamesmanship." Dkt. 18 at 4. In reality, remanding Count III, which is based on the same alleged chain of events as Counts I and II, will waste judicial resources and require duplicative discovery in federal and state courts. Indeed, as one court aptly stated, "[f]rom a pragmatic, efficiency standpoint (as well as the standpoint of avoiding undue risk of inconsistent results), it would make little sense to carve this case into pieces, keeping one portion of it in federal court and remanding the remainder to state court, inasmuch as similar issues involving the same course of conduct are at issue in both." *Whitney Nat. Bank v. Lakewood Invs.*, WL 3267160, at *7, n.19 (S.D. Ala. July 28, 2011) (finding partial remand unpalatable where all the claims were linked to same chain of events). This sound logic applies here.

In any event, Plaintiff's refusal to state in his Motion whether he did or did not ask CHW to stop calling him, coupled with his suggestion that such facts could be potentially asserted in an amended pleading, makes plain that Plaintiff's true objective behind his Motion is to gain a strategic advantage by forcing CHW to litigate this case in two different forums. Such gamesmanship should be rejected as out of hand, and Plaintiff's Motion should be denied on this basis, as well. *See, e.g., Mishra v. Colmen Motors, LLC*, 2018 WL 690990, at *3 (E.D. Mo. Feb. 2, 2018) (denying motion

to remand where the plaintiff's "purpose for amending the petition [wa]s to defeat federal jurisdiction and … courts disfavor such gamesmanship"); *Kaufman v. Costco Wholesale Corp.*, 571 F. Supp. 2d 1061, 1066 (D. Minn. 2008) (denying motion to remand where plaintiff attempted to reduce his damages in an attempt to circumvent federal jurisdiction); *Jamil v. Workforce Res.,* 2018 WL 2298119, at *4 (S.D. Cal. May 21, 2018) (denying motion to remand, noting that plaintiffs "may not omit pertinent facts from their Complaint in an attempt to avoid federal jurisdiction").

### B. The Proper Remedy Is Dismissal of Plaintiff's "Internal" DNC Claim.

Lastly, even if the Court is inclined to consider Plaintiff's hypothetical standing argument, it is not well-settled that a cause of action under TCPA's "internal" DNC regulations in 47 C.F.R. § 64.1200(d) ***even exists in the first place***. In fact, as discussed in CHW's initial motion to dismiss his original Complaint (*see* Dkt. 20 at 6 n.4), several courts have recognized that the TCPA's "internal" DNC regulations in 47 C.F.R. § 64.1200(d) were promulgated under the ***technical and procedural*** standards in Section ***227(d)*** of the TCPA (*i.e.,* not Section 227(c)), which ***does not give rise to a private cause of action***. *See, e.g., Worsham v. Travel Options, Inc*., 2016 WL 4592373, at *4, 7 (D. Md. Sept. 2, 2016), *aff'd,* 678 F.App'x 165 (4th Cir. 2017); *Braver v. NorthStar Alarm Servs., LLC*, 2019 WL 3208651, at *15 (W.D. Okla. July 16, 2019); *but see Hand v. Beach Entm't KC*, 456 F. Supp. 3d 1099, 1124-25 (W.D. Mo. 2020). Thus, for the reasons set forth in CHW's initial motion to dismiss, and as will be argued in its forthcoming motion to dismiss the First Amended Complaint, the proper remedy here would be for the Court to dismiss, rather than remand, Count III.[6]

### CONCLUSION

For all the reasons above, this Court should enter an order denying Plaintiff's motion for partial remand (*see* Dkt. 18), along with granting CHW all other just and proper relief.

---

[6] Count III also fails on its merits for several reasons, as CHW's forthcoming motion will show.

10

Dated: January 17, 2023            Respectfully submitted,

By: /s/ A. Paul Heeringa
A. Paul Heeringa, Admitted *Pro Hac Vice*
**MANATT, PHELPS & PHILLIPS, LLP**
151 North Franklin Street, Ste. 2600
Chicago, IL 60606
(312) 529-6308 - Telephone
(312) 529-6315 - Facsimile
pheeringa@manatt.com

Emily A. Neal, Ark. Bar No. 2003087
Conner Eldridge, Ark. Bar No. 2003155
**ELDRIDGE BROOKS, PLLC**
5100 West JB Hunt Drive, Ste. 840
Rogers, AR 72758
4795537678 - Telephone
4795537553 - Facsimile
emily@eldridgebrooks.com
conner@eldridgebrooks.com

*Attorneys for Defendant*

11

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document (including any attached exhibits and documents) electronically on the Court's CM/ECF docket on January 17, 2023, which served same electronically upon all counsel of record.

/s/ A. Paul Heeringa