IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

SAM KATZ, on behalf of himself and all other similarly situated,

    *Plaintiff*,

v.

CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY,

    *Defendant.*

Case No. 5:22-cv-05198-PKH

**DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT**

CHW Group, Inc. d/b/a Choice Home Warranty ("CHW") hereby respectfully moves to dismiss the First Amended Complaint (*see* Dkt. 23, "FAC") by Plaintiff Sam Katz ("Plaintiff") in the above captioned matter, in its entirety and with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief or, in the alternative, to strike Plaintiff's facially-uncertifiable class and other improper allegations from the FAC pursuant to Fed. R. Civ. P. 12(f) and/or 23.

In particular, Plaintiff seeks relief under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, on behalf of himself and four nationwide putative classes in relation to phone calls that he allegedly received on two different numbers without his consent. Those claims, as alleged in the FAC, still do not satisfy federal pleadings standards for several reasons and therefore are ripe for dismissal in their entirety under Rule 12(b)(6) on at least the following grounds:

First, Plaintiff's "prerecorded or artificial voice" call claim under Section 227(b) of the TCPA in Count I should be dismissed because Plaintiff fails to plead specific facts supporting a plausible inference that the at-issue calls were truly "prerecorded" or "artificial" as opposed to live.

Second, Plaintiff's claims under the "Do-Not-Call" (or "DNC") provisions in Section 227(c)

of the TCPA in Counts II and III should also be dismissed because, *inter alia*: (i) he does not properly allege that he is a "residential telephone subscriber" within the meaning of the TCPA (*i.e.*, that the subject phone numbers are actually used for "residential" purposes) who is entitled to bring such claims; (ii) publicly-available evidence (of which this Court may properly take judicial notice under Fed. R. Evid. 201 when ruling on this Motion) confirms that he cannot plausibly allege such facts in this case, as neither of the subject phone numbers upon which he allegedly received the calls at issue qualify as his "residential" line; and (iii) his allegations regarding CHW's supposed failure to have "internal" DNC policies are purely conclusory and ultimately do not support such a claim.

<u>Third</u>, Counts II and III should also be dismissed to the extent Plaintiff lacks "prudential" standing to bring a TCPA DNC claim because he is not a "residential" subscriber and, as such, is not within the "zone of interests" that the TCPA's DNC provisions were designed to protect.

<u>Fourth</u>, Plaintiff fails to allege CHW's direct or vicarious liability under the TCPA, thus warranting dismissal of the entire FAC on those additional bases, in that he does not plead sufficient facts supporting a plausible inference that CHW: (i) itself, and not some unidentified third party, took any steps necessary to "physically" place the calls at issue, as required to plead direct liability; or (ii) had a common law agency relationship with (the touchstone of which is "control" over) any third parties who did call him, as required to plead vicarious liability.  And as the FAC represents Plaintiff's second failed attempt to state a plausible claim for relief against CHW in this case despite having had the benefit of CHW's initial motion to dismiss outlining all the foregoing defects when amending, any further amendment would be futile and the FAC should be dismissed with prejudice.

<u>Finally</u>, while the FAC should be entirely dismissed for myriad reasons above, the class allegations within are also so facially improper and inadequate that the proposed classes are uncertifiable as pled; and, therefore, Plaintiff's deficient class and other facially-improper allegations

should be stricken (if the Court decides not to dismiss the FAC) under Rules 12(f) and/or 23.

The specific grounds for this Motion are set forth in greater detail in CHW's Memorandum of Law and supporting exhibits, which are being filed contemporaneously herewith and are incorporated herein by reference, all matters properly subject to judicial notice, and for such other reasons as may be presented to this Court prior to its ruling on this Motion or at any hearing thereon.

WHEREFORE, for all of these reasons, Defendant CHW Group, Inc. d/b/a Choice Home Warranty respectfully requests that this Court enter order granting this Motion and dismissing Plaintiff's FAC, in its entirety and with prejudice or, in the alternative striking Plaintiff's facially-improper class and other allegations, along with granting CHW all other just and proper relief.

Dated: January 30, 2023

Respectfully submitted,

By: /s/ A. Paul Heeringa
A. Paul Heeringa, Admitted *Pro Hac Vice*
**MANATT, PHELPS & PHILLIPS, LLP**
151 North Franklin Street, Ste. 2600
Chicago, IL 60606
(312) 529-6308 - Telephone
(312) 529-6315 - Facsimile
pheeringa@manatt.com

Emily A. Neal, Ark. Bar No. 2003087
Conner Eldridge, Ark. Bar No. 2003155
**ELDRIDGE BROOKS, PLLC**
5100 West JB Hunt Drive, Ste. 840
Rogers, AR 72758
479-553-7678 - Telephone
479-553-7553 - Facsimile
emily@eldridgebrooks.com
conner@eldridgebrooks.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document (including any attached exhibits and documents) electronically on the Court's CM/ECF docket on January 30, 2023, which served same electronically upon all counsel of record.

/s/ A. Paul Heeringa