## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| **SAM KATZ**, on behalf of himself and all other similarly situated,<br><br>       *Plaintiff*,<br><br>   v.<br><br>**CHW GROUP, INC. d/b/a CHOICE HOME WARRANTY**,<br><br>       *Defendant*. | Case No. 5:22-cv-05198-PKH |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant CHW Group, Inc. d/b/a Choice Home Warranty ("Defendant" or "CHW"), in accordance with Fed. R. Civ. P. 12, hereby respectfully submits its Answer and Affirmative Defenses to the putative "First Amended Class Action Complaint" (*see* Dkt. 23, "Complaint") filed by Plaintiff Sam Katz ("Plaintiff") in the above-captioned matter,[1] and answers, avers, and responds as follows:

## PRELIMINARY STATEMENT

1.      As to the allegations in Paragraph 1 of the Complaint, Defendant admits only that Plaintiff purports to bring a claim on behalf of himself and putative class members under the Telephone Consumer Protection Act ("TCPA"), but denies that Defendant violated the TCPA or any other applicable law, denies Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA or any other law, denies that Plaintiff would be an adequate class representative, and denies that this case is worthy or capable of class treatment under applicable law. Defendant denies any and all remaining allegations of Paragraph 1 of the Complaint.

---

[1] CHW's Answer and Affirmative Defenses are being made without prejudice to its right to seek an interlocutory review of the Court's order denying CHW's motion to dismiss the Complaint, and only so as to comply with CHW's immediate obligation to respond to the Complaint.

2.      Defendant denies all allegations in Paragraph 2 of the Complaint. Further, Defendant states that all references/descriptions of prior litigation or complaints against the Defendant in the Complaint should be stricken and excluded as prejudicial and lacking evidentiary or legal significance in this case.

3.      As to the allegations in Paragraph 3 of the Complaint, Defendant admits only that it has been involved in other lawsuits, but denies that such lawsuits have any bearing on this matter or suggest CHW is anyway liable to those plaintiffs or to Plaintiff here, and otherwise denies any implications of liability based thereon. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 3 and, on this basis, denies them. Further, Defendant states that all references/descriptions of prior litigation or complaints against the Defendant in the Complaint should be stricken and excluded as prejudicial and lacking evidentiary or legal significance in this case.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of wrongdoing or liability based on such allegations. Further, Defendant states that all references/descriptions of prior litigation or complaints against the Defendant in the Complaint should be stricken and excluded as prejudicial and lacking evidentiary or legal significance in this case.

5.      As to the allegations in Paragraph 5 of the Complaint, Defendant admits only that Plaintiff purports to bring a claim on behalf of himself and putative class members under the TCPA, but denies that Defendant violated the TCPA or any other applicable law, denies that Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, and denies that this case is worthy or capable of class treatment. Defendant denies any and all remaining allegations

of Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      The allegations in Paragraph 6 of the Complaint, in whole or in part, do not reflect allegations of fact against Defendant and reflect legal conclusions and citations to legal authority which speaks for itself and, therefore, no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiff's Complaint purports to invoke this Court's federal subject matter jurisdiction to the extent the TCPA is a federal statute and thus presents a federal question, but denies that this Court has federal subject matter jurisdiction in this action because Plaintiff lacks standing under Article III of the United States Constitution. Defendant denies any and all remaining allegations in Paragraph 6 of the Complaint, including in the footnote thereto.

7.      The allegations in Paragraph 7 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits only that it has conducted business in this District, but denies any implication of its liability as a result of such activities in this matter. Defendant denies any and all remaining allegations in Paragraph 7 of the Complaint.

8.      The allegations in Paragraph 8 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits only that it has conducted business in this District but denies any implication of its liability as a result of such activities in this matter and, in any event, Defendant is not challenging venue at this time. Defendant otherwise denies any and all remaining allegations in Paragraph 8 of the Complaint, and specifically denies any implication of Defendant's liability.

## PARTIES

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth

3

of the allegations in Paragraph 9 of the Complaint and, on this basis, denies them.

10.    The allegations in Paragraph 10 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is deemed required, Defendant does not accept Plaintiff's legal conclusions but is not challenging that Plaintiff is a "person" as defined in 47 U.S.C. § 153(39) at this time. Defendant denies all remaining allegations in Paragraph 10 of the Complaint, and denies any implication of Defendant's liability.

11.    As to allegations in Paragraph 11 of the Complaint, Defendant admits only it is a New Jersey corporation with its "principal place of business" in New Jersey, but denies the address provided for its "principal place of business" is accurate, and denies any implication of Defendant's liability based on those allegations. Any remaining allegations in Paragraph 11 are denied.

12.    The allegations in Paragraph 12 of the Complaint, in whole or in part, reflect legal conclusions, as to which no response is required. To the extent a response is required, Defendant does not accept Plaintiff's legal conclusion but admits the factual allegations in Paragraph 12 of the Complaint. Any and all remaining allegations in Paragraph 12 of the Complaint are denied.

**THE TCPA**

13.    The allegations in Paragraph 13 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 13 of the Complaint.

14.    The allegations in Paragraph 14 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 14 of the Complaint.

15.     The allegations in Paragraph 15 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 15 of the Complaint.

16.     The allegations in Paragraph 16 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 16 of the Complaint.

17.     The allegations in Paragraph 17 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 17 of the Complaint.

18.     The allegations in Paragraph 18 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 18 of the Complaint.

19.     The allegations in Paragraph 19 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 19 of the Complaint.

20.     The allegations in Paragraph 20 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all

remaining allegations in Paragraph 20 of the Complaint.

21.     The allegations in Paragraph 21 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 21 of the Complaint.

22.     The allegations in Paragraph 22 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 22 of the Complaint.

23.     The allegations in Paragraph 23 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 23 of the Complaint.

24.     The allegations in Paragraph 24 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 24 of the Complaint.

25.     The allegations in Paragraph 25 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 25 of the Complaint.

26.     The allegations in Paragraph 26 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is

required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 26 of the Complaint.

27.     The allegations in Paragraph 27 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 27 of the Complaint.

28.     The allegations in Paragraph 28 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 28 of the Complaint.

29.     The allegations in Paragraph 29 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 29 of the Complaint.

30.     The allegations in Paragraph 30 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 30 of the Complaint.

31.     The allegations in Paragraph 31 of the Complaint, in whole or in part and including the footnote thereto, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 31 of the Complaint, including in the footnote thereto.

32.     The allegations in Paragraph 32 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 32 of the Complaint.

33.     The allegations in Paragraph 33 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 33 of the Complaint.

34.     The allegations in Paragraph 34 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 34 of the Complaint.

35.     The allegations in Paragraph 35 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 35 of the Complaint.

## PLAINTIFF KATZ FACTUAL ALLEGATIONS

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

39.     As to the allegations in Paragraph 39 of the Complaint, Defendant denies Plaintiff qualifies as a "residential telephone subscriber" within the meaning of the TCPA or that the cited legal authority in this Paragraph applies or controls in this case. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

40.     As to the allegations in Paragraph 40 of the Complaint, Defendant denies Plaintiff qualifies as a "residential telephone subscriber" within the meaning of the TCPA or that the cited legal authority in this Paragraph applies or controls in this case. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and, on this basis, denies them; and Defendant

further denies any implication of Defendant's liability based on said allegations.

44.     As to the allegations in Paragraph 44, Defendant states that the cited webpage speaks for itself, but Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

45.     The allegations in Paragraph 45, in whole or in part and including the footnote thereto, reflect legal conclusions, as to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint (including in the footnote thereto) and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

46.     Defendant denies all the allegations in Paragraph 46 of the Complaint.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

50.     As to the allegations in Paragraph 50 of the Complaint, Defendant denies any implication that any phone calls Plaintiff may have received from or on behalf of CHW (which CHW

does not concede) were "solicitations" within the meaning of the TCPA and, instead, avers that such calls (if any) would have been informational calls made in response to Plaintiff's request for a home warranty quote, with his consent. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 50 and, on this basis, denies them.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint as to whether Plaintiff has ever been "known" by another name, and on this basis denies those allegations, but denies any implication that Plaintiff did not provide his consent to be called or any implication of Defendant's liability based on said allegations. Any and all remaining allegations in Paragraph 52 of the Complaint are denied.

## IDENTIFICATION OF DEFENDANT AS THE CALLER

53.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

54.     Defendant denies all the allegations in Paragraph 54 of the Complaint.

55.     Defendant denies that the identified number ending in 3508 in Paragraph 55 is "Defendant's telephone number" but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 56 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

57.     Defendant denies that the identified number ending in 1257 in Paragraph 57 is "Defendant's telephone number" but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

58.     Defendant denies that the identified "message" in Paragraph 58 is "Defendant's message" or that the "same" number (to the extent Plaintiff is referring to the number ending in 1257 identified in Paragraph 57) is "Defendant's telephone number" but otherwise lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 58 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

59.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 62 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

63.     Defendant denies all allegations in Paragraph 63 of the Complaint.

64.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint (including the legal conclusions in the footnote thereto, as to which no response is required) and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

65.     Defendant denies that the identified number ending in 5381 in Paragraph 65 is "Defendant's number" or that it has ever identified itself as "Complete Home Services," but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65 of the Complaint (including the footnote thereto) and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations, and further denies any implication of Defendant's liability based on said allegations.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

69.     Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 69 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

70.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

71.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

72.     Defendant denies that it has ever identified itself as "Complete Home Services" and otherwise denies all remaining allegations in Paragraph 72 of the Complaint.

73.     Defendant denies that it has ever identified itself as "Complete Home Services" but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

74.     Defendant denies that it has ever identified itself as "Complete Home Services" but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

75.     Defendant denies that it has ever identified itself as "Complete Home Services" or that Plaintiff's conclusions in this Paragraph are in any way accurate, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

14

76.     Defendant denies that it has ever identified itself as "Complete Home Services" or that Plaintiff's conclusions in this Paragraph are in any way accurate, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

## NATURE OF THE CALLS

77.     Defendant denies all remaining allegations in Paragraph 77 of the Complaint.

78.     The allegations in Paragraph 78 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that Plaintiff's conclusions are accurate or that it violated the TCPA or any other law, and further denies any remaining allegations in Paragraph 78 of the Complaint.

79.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

80.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations..

## CONSENT

81.     The allegations in Paragraph 81 of the Complaint, in whole or in part, reflect legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff's conclusions are accurate or that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 81 of the Complaint.

82.     The allegations in Paragraph 82 of the Complaint, in whole or in part, reflect legal

conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff's conclusions are accurate or that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 82 of the Complaint.

83.     Defendant denies all allegations in Paragraph 83 of the Complaint.

84.     Defendant denies all allegations in Paragraph 84 of the Complaint.

85.     The allegations in Paragraph 85 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 85 of the Complaint.

86.     The allegations in Paragraph 86 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 86 of the Complaint.

87.     The allegations in Paragraph 87 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 87 of the Complaint.

88.     The allegations in Paragraph 88 of the Complaint purportedly repeat the content of an unidentified website, which presumably speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendant denies any allegations that are inconsistent with the express contents of the website at issue or that Plaintiff is accurately characterizing said website. Defendant otherwise lacks knowledge as to which specific website Plaintiff is referring or if Plaintiff is accurately repeating its contents (and he is doing so out of context in any event) because

it is not identified and, therefore, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint and, on this basis, denies them. Defendant further denies any implication of liability based on said allegations, including in particular that the subject disclosure does not comply with the TCPA.

89.     The allegations in Paragraph 89 of the Complaint purportedly repeat the content of an unidentified website, which presumably speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendant denies any allegations that are inconsistent with the express contents of the website at issue or that Plaintiff is accurately characterizing said website. Defendant otherwise lacks knowledge as to which specific website Plaintiff is referring or if Plaintiff is accurately repeating its contents (and he is doing so out of context in any event) because it is not identified and, therefore, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint and, on this basis, denies them. Defendant further denies any implication of liability based on said allegations, including in particular that the subject disclosure does not comply with the TCPA.

90.     Defendant denies the implication in Paragraph 90 of the Complaint that the phrase "automated technology" from the unidentified websites cited therein does not include "pre-recorded or artificial voice calls," which are a form of "automated technology" expressly covered by Section 227(b) of the TCPA. Defendant denies any remaining allegations in Paragraph 90 of the Complaint.

91.     Defendant denies all allegations in Paragraph 91 of the Complaint.

92.     The allegations in Paragraph 92 purportedly repeat the content of an unidentified website, which presumably speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendant denies any allegations that are inconsistent with the express contents of the website at issue or that Plaintiff is accurately characterizing said website. Defendant

17

otherwise lacks knowledge as to which specific website Plaintiff is referring or if Plaintiff is accurately repeating its contents (and he is doing so out of context in any event) because it is not identified and, therefore, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint and, on this basis, denies them. Defendant further denies any implication of liability based on said allegations.

93.     As to the allegations of Paragraph 93, Defendant denies that Plaintiff's conclusions regarding the contents of the unidentified website referenced therein, which speaks for itself, are accurate in any way. Defendant denies any remaining allegations in Paragraph 93 of the Complaint.

94.     As to the allegations of Paragraph 94, Defendant denies that Plaintiff's conclusions regarding the contents of the unidentified website referenced therein, which speaks for itself, are accurate in any way. Defendant denies any remaining allegations in Paragraph 94 of the Complaint.

95.     Defendant denies all allegations in Paragraph 95 of the Complaint.

96.     Defendant denies all allegations in Paragraph 96 of the Complaint.

97.     Defendant denies all allegations in Paragraph 97 of the Complaint.

98.     Defendant denies all allegations in Paragraph 98 of the Complaint.

99.     Defendant denies all allegations in Paragraph 99 of the Complaint.

## **DO-NOT-CALL LIST**

100.     The allegations in Paragraph 100 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 100 of the Complaint.

101.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint and, on this basis, denies them; and Defendant

further denies any implication of liability based on said allegations.

102.    As to the allegations in Paragraph 102 of the Complaint, Defendant denies that Plaintiff's phone numbers are "residential" numbers within the meaning of the TCPA and expressly avers otherwise. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of liability based on said allegations.

103.    Defendant denies all allegations in Paragraph 103 of the Complaint.

104.    Defendant denies all allegations in Paragraph 104 of the Complaint.

105.    Defendant denies all allegations in Paragraph 105 of the Complaint.

## POLICIES AND PROCEDURES

106.    The allegations in Paragraph 106 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 106 of the Complaint.

107.    The allegations in Paragraph 107 of the Complaint, in whole or in part, reflect legal conclusions or a summary of law, as to which no response is required. To the extent a response is required, Defendant denies that it violated the TCPA or any other law, and further denies any and all remaining allegations in Paragraph 107 of the Complaint.

108.    Defendant denies all allegations in Paragraph 108 of the Complaint.

109.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations.

110.    Defendant denies all allegations in Paragraph 110 of the Complaint.

19

111.    Defendant denies all allegations in Paragraph 111 of the Complaint.

112.    As to the allegations in Paragraph 112 of the Complaint, Defendant admits only that CHW was a party to a lawsuit styled as *Rogers v. CHW Group, Inc.*, Case No. 21-cv-00226, W.D. Mich., and that the telephone number 888-531-5403 is associated with CHW.  However, Defendant denies that said number was used to call Plaintiff, that Plaintiff is accurately summarizing the facts of that unrelated case or that it initiated or authorized any unlawful conduct, or that the allegations in that unadjudicated lawsuit are in any way factually accurate or demonstrate CHW's liability in this case or any other case. Defendant further denies that said lawsuit is relevant to the present case. Defendant further denies any implication of Defendant's liability based on said allegations. Defendant also responds by referring to its Answer and Affirmative Defenses in that case, which speak for themselves and in which CHW denies all of the plaintiff's substantive allegations against CHW. Any remaining allegations in Paragraph 112 of the Complaint are denied. Further, Defendant states that all references/descriptions of prior litigation or complaints against the Defendant in the Complaint should be stricken and excluded as prejudicial and lacking evidentiary or legal significance in this case.

113.    As to the allegations in Paragraph 113 of the Complaint, Defendant admits only that CHW was a party to a lawsuit styled as *Rogers v. CHW Group, Inc.*, Case No. 21-cv-00226, W.D. Mich., and that the telephone number 888-531-5403 is associated with CHW.  However, Defendant denies that said number was used to call Plaintiff, that Plaintiff is accurately summarizing the facts of that unrelated case or that it initiated or authorized any unlawful conduct, or that the allegations in that unadjudicated lawsuit are in any way factually accurate or demonstrate CHW's liability in this case or any other case. Defendant further denies that said lawsuit is relevant to the present case. Defendant further denies any implication of Defendant's liability based on said allegations.

Defendant also responds by referring to its Answer and Affirmative Defenses in that case, which speak for themselves and in which CHW denies all of the plaintiff's substantive allegations against CHW. Any remaining allegations in Paragraph 113 of the Complaint are denied. Further, Defendant states that all references/descriptions of prior litigation or complaints against the Defendant in the Complaint should be stricken and excluded as prejudicial and lacking evidentiary or legal significance in this case.

114.    As to the allegations in Paragraph 114 of the Complaint, Defendant admits only that CHW was a party to a lawsuit styled as *Rogers v. CHW Group, Inc.*, Case No. 21-cv-00226, W.D. Mich., and that the telephone number 888-531-5403 is associated with CHW.  However, Defendant denies that said number was used to call Plaintiff, that Plaintiff is accurately summarizing the facts of that unrelated case or that it initiated or authorized any unlawful conduct, or that the allegations in that unadjudicated lawsuit are in any way factually accurate or demonstrate CHW's liability in this case or any other case. Defendant further denies that said lawsuit is relevant to the present case. Defendant also responds by referring to its Answer and Affirmative Defenses in that case, which speak for themselves and in which CHW denies all of the plaintiff's substantive allegations against CHW. Defendant further denies any implication of Defendant's liability based on said allegations. Any remaining allegations in Paragraph 114 of the Complaint are denied. Further, Defendant states that all references/descriptions of prior litigation or complaints against the Defendant in the Complaint should be stricken and excluded as prejudicial and lacking evidentiary or legal significance in this case.

115.    As to the allegations in Paragraph 115 of the Complaint, Defendant admits only that CHW was a party to a lawsuit styled as *Rogers v. CHW Group, Inc.*, Case No. 21-cv-00226, W.D. Mich., and that the telephone number 888-531-5403 is associated with CHW.  However, Defendant

denies that said number was used to call Plaintiff, that Plaintiff is accurately summarizing the facts of that unrelated case or that it initiated or authorized any unlawful conduct, or that the allegations in that unadjudicated lawsuit are in any way factually accurate or demonstrate CHW's liability in this case or any other case. Defendant further denies that said lawsuit is relevant to the present case. Defendant also responds by referring to its Answer and Affirmative Defenses in that case, which speak for themselves and in which CHW denies all of the plaintiff's substantive allegations against CHW. Defendant further denies any implication of Defendant's liability based on said allegations. Any remaining allegations in Paragraph 115 of the Complaint are denied. Further, Defendant states that all references/descriptions of prior litigation or complaints against the Defendant in the Complaint should be stricken and excluded as prejudicial and lacking evidentiary or legal significance in this case.

116.    As to the allegations in Paragraph 116 of the Complaint, Defendant admits only that CHW was a party to a lawsuit styled as *Rogers v. CHW Group, Inc.*, Case No. 21-cv-00226, W.D. Mich., and that the telephone number 888-531-5403 is associated with CHW.  However, Defendant denies that said number was used to call Plaintiff, that Plaintiff is accurately summarizing the facts of that unrelated case or that it initiated or authorized any unlawful conduct, or that the allegations in that unadjudicated lawsuit are in any way factually accurate or demonstrate CHW's liability in this case or any other case. Defendant further denies that said lawsuit is relevant to the present case. Defendant also responds by referring to its Answer and Affirmative Defenses in that case, which speak for themselves and in which CHW denies all of the plaintiff's substantive allegations against CHW. Defendant further denies any implication of Defendant's liability based on said allegations. Any remaining allegations in Paragraph 116 of the Complaint are denied. Further, Defendant states that all references/descriptions of prior litigation or complaints against the Defendant in the

Complaint should be stricken and excluded as prejudicial and lacking evidentiary or legal significance in this case.

117.     As to the allegations in Paragraph 117 of the Complaint, Defendant admits only that CHW was a party to a lawsuit styled as *Rogers v. CHW Group, Inc.*, Case No. 21-cv-00226, W.D. Mich., and that the telephone number 888-531-5403 is associated with CHW.  However, Defendant denies that said number was used to call Plaintiff, that Plaintiff is accurately summarizing the facts of that unrelated case or that it initiated or authorized any unlawful conduct, or that the allegations in that unadjudicated lawsuit are in any way factually accurate or demonstrate CHW's liability in this case or any other case. Defendant further denies that said lawsuit is relevant to the present case. Defendant also responds by referring to its Answer and Affirmative Defenses in that case, which speak for themselves and in which CHW denies all of the plaintiff's substantive allegations against CHW. Defendant further denies any implication of Defendant's liability based on said allegations. Any remaining allegations in Paragraph 117 of the Complaint are denied. Further, Defendant states that all references/descriptions of prior litigation or complaints against the Defendant in the Complaint should be stricken and excluded as prejudicial and lacking evidentiary or legal significance in this case.

118.     As to the allegations in Paragraph 118 of the Complaint, Defendant admits only that CHW was a party to a lawsuit styled as *Rogers v. CHW Group, Inc.*, Case No. 21-cv-00226, W.D. Mich., and that the telephone number 888-531-5403 is associated with CHW.  However, Defendant denies that said number was used to call Plaintiff, that Plaintiff is accurately summarizing the facts of that unrelated case or that it initiated or authorized any unlawful conduct, or that the allegations in that unadjudicated lawsuit are in any way factually accurate or demonstrate CHW's liability in this case or any other case. Defendant further denies that said lawsuit is relevant to the present case.

23

Defendant also responds by referring to its Answer and Affirmative Defenses in that case, which speak for themselves and in which CHW denies all of the plaintiff's substantive allegations against CHW. Defendant further denies any implication of Defendant's liability based on said allegations. Any remaining allegations in Paragraph 118 of the Complaint are denied. Further, Defendant states that all references/descriptions of prior litigation or complaints against the Defendant in the Complaint should be stricken and excluded as prejudicial and lacking evidentiary or legal significance in this case.

119.    As to the allegations in Paragraph 119 of the Complaint, Defendant admits only that CHW was a party to a lawsuit styled as *Rogers v. CHW Group, Inc.*, Case No. 21-cv-00226, W.D. Mich., and that the telephone number 888-531-5403 is associated with CHW.  However, Defendant denies that said number was used to call Plaintiff, that Plaintiff is accurately summarizing the facts of that unrelated case or that it initiated or authorized any unlawful conduct, or that the allegations in that unadjudicated lawsuit are in any way factually accurate or demonstrate CHW's liability in this case or any other case. Defendant further denies that said lawsuit is relevant to the present case. Defendant also responds by referring to its Answer and Affirmative Defenses in that case, which speak for themselves and in which CHW denies all of the plaintiff's substantive allegations against CHW. Defendant further denies any implication of Defendant's liability based on said allegations. Any remaining allegations in Paragraph 119 of the Complaint are denied. Further, Defendant states that all references/descriptions of prior litigation or complaints against the Defendant in the Complaint should be stricken and excluded as prejudicial and lacking evidentiary or legal significance in this case.

120.    Defendant denies all allegations in Paragraph 120 of the Complaint.

121.    Defendant denies all allegations in Paragraph 121 of the Complaint.

122.     As to the allegations in Paragraph 122 of the Complaint, Defendant denies that the cited website in this Paragraph and in the footnote thereto, which speaks for itself, is in any way relevant to this case or that CHW violated any laws, or that Plaintiff is accurately characterizing said website. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 122 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of Defendant's liability based on said allegations. Further, Defendant states that all references/descriptions of prior litigation or third party complaints against the Defendant should be stricken and excluded as prejudicial and lacking evidentiary or legal significance in this case.

123.     As to the allegations in Paragraph 123 of the Complaint, Defendant denies that the cited website in this Paragraph and in the footnote thereto, which speaks for itself, is in any way relevant to this case or that CHW violated any laws, or that Plaintiff is accurately characterizing said website. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 123 of the Complaint and, on this basis, denies them. Further, Defendant states that all references/descriptions of prior litigation or third party complaints against the Defendant should be stricken and excluded as prejudicial and lacking evidentiary or legal significance in this case.

124.     As to the allegations in Paragraph 124 of the Complaint, Defendant denies that the cited website in this Paragraph, which speaks for itself, is in any way relevant to this case or that CHW violated any laws, or that Plaintiff is accurately characterizing said website. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 124 of the Complaint and, on this basis, denies them. Further, Defendant states that all references/descriptions of prior litigation or third party complaints against the Defendant should be

stricken and excluded as prejudicial and lacking evidentiary or legal significance in this case.

125.    As to the allegations in Paragraph 125 of the Complaint, Defendant denies that the cited website in this Paragraph, which speaks for itself, is in any way relevant to this case or that CHW violated any laws, or that Plaintiff is accurately characterizing said website. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 125 of the Complaint and, on this basis, denies them. Further, Defendant states that all references/descriptions of prior litigation or third party complaints against the Defendant should be stricken and excluded as prejudicial and lacking evidentiary or legal significance in this case.

126.    Defendant denies all allegations in Paragraph 126 of the Complaint. Further, Defendant states that all references/descriptions of prior litigation or third party complaints against the Defendant should be stricken and excluded as prejudicial and lacking evidentiary or legal significance in this case.

127.    Defendant denies all allegations in Paragraph 127 of the Complaint.

## **DEFENDANT'S LIABILITY**

128.    Defendant denies all allegations in Paragraph 128 of the Complaint.

129.    Defendant denies all allegations in Paragraph 129 of the Complaint.

130.    Defendant denies all allegations in Paragraph 130 of the Complaint.

131.    Defendant denies all allegations in Paragraph 131 of the Complaint.

132.    Defendant denies all allegations in Paragraph 132 of the Complaint.

133.    Defendant denies all allegations in Paragraph 133 of the Complaint.

134.    Defendant denies all allegations in Paragraph 134 of the Complaint.

135.    Defendant denies all allegations in Paragraph 135 of the Complaint.

136.    Defendant denies all allegations in Paragraph 136 of the Complaint.

137.     Defendant denies all allegations in Paragraph 137 of the Complaint, including all subparagraphs, and demands the strictest of proof of all alleged damages, injuries, and harms.

138.     Defendant denies all allegations in Paragraph 138 of the Complaint, and demands the strictest of proof of all alleged damages, injuries, and harms.

## CLASS ACTION ALLEGATIONS

139.     As to the allegations in Paragraph 139, Defendant admits only that Plaintiff purports to bring a claim on behalf of himself and putative class members under the TCPA, but denies that Defendant violated the TCPA or any other applicable law, denies that Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, denies that Plaintiff would be an adequate class representative, and denies that this case is worthy or capable of class treatment. Defendant further denies any and all remaining allegations of Paragraph 139 of the Complaint.

140.     As to the allegations in Paragraph 140, Defendant admits only that Plaintiff purports to bring a claim on behalf of himself and putative class members under the TCPA, but denies that Defendant violated the TCPA or any other applicable law, denies that Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, denies that Plaintiff would be an adequate class representative, and denies that this case is worthy or capable of class treatment. Defendant further denies any and all remaining allegations of Paragraph 140 of the Complaint.

141.     Defendant denies all allegations of Paragraph 141 of the Complaint.

142.     As to the allegations in Paragraph 142 of the Complaint, Defendant admits only that Plaintiff purports to bring a claim on behalf of himself and putative class members under the TCPA, but denies that Defendant violated the TCPA or any other applicable law, denies that Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, denies that Plaintiff would be an adequate class representative, and denies that this case is worthy or capable of

27

class treatment. Defendant further denies any and all remaining allegations of Paragraph 142 of the Complaint, including all subparagraphs.

143.    Defendant denies all allegations of Paragraph 143 of the Complaint.

144.    Defendant denies all allegations of Paragraph 144 of the Complaint, including all subparagraphs.

145.    Defendant denies all allegations of Paragraph 145 of the Complaint.

146.    Defendant denies all allegations of Paragraph 146 of the Complaint.

147.    Defendant denies all allegations of Paragraph 147 of the Complaint.

148.    Defendant denies all allegations of Paragraph 148 of the Complaint.

149.    Defendant denies all allegations of Paragraph 149 of the Complaint.

150.    Defendant denies all allegations in Paragraph 150 of the Complaint.

151.    Defendant denies all allegations in Paragraph 151 of the Complaint.

152.    Defendant denies all allegations in Paragraph 152 of the Complaint.

153.    Defendant denies all allegations in Paragraph 153 of the Complaint.

**<u>FIRST CAUSE OF ACTION</u>**
**Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)**
**(On Behalf of Plaintiff and the Prerecord Class and Prerecord Subclass)**

154.    Defendant repeats, realleges, and incorporates by reference its responses to all prior allegations of the Complaint as if fully stated herein for Paragraph 154.

155.    Defendant denies all allegations in Paragraph 155 of the Complaint.

156.    Defendant denies all allegations in Paragraph 156 of the Complaint.

157.    Defendant denies all allegations in Paragraph 157 of the Complaint.

158.    Defendant denies all allegations in Paragraph 158 of the Complaint.

159.    Defendant denies all allegations in Paragraph 159 of the Complaint.

160.     Defendant denies all allegations in Paragraph 160 of the Complaint, and demands the strictest of proof of all alleged damages, injuries, and harms.

161.     Defendant denies all allegations in Paragraph 161 of the Complaint, and demands the strictest of proof of all alleged damages, injuries, and harms.

## <u>SECOND CAUSE OF ACTION</u>
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the DNC Class)**

162.     Defendant denies all allegations in Paragraph 162 of the Complaint.

163.     Defendant denies all allegations in Paragraph 163 of the Complaint.

164.     Defendant denies all allegations in Paragraph 164 of the Complaint.

165.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 of the Complaint and, on this basis, denies them; and Defendant further denies any implication of liability against Defendant based on said allegations.

166.     Defendant denies all allegations in Paragraph 166 of the Complaint.

167.     Defendant denies all allegations in Paragraph 167 of the Complaint, and demands the strictest of proof of all alleged damages, injuries, and harms.

168.     Defendant denies all allegations in Paragraph 168 of the Complaint, and demands the strictest of proof of all alleged damages, injuries, and harms.

## <u>THIRD CAUSE OF ACTION</u>
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Prerecord Class and the Policy Class)**

169.     Defendant denies all allegations in Paragraph 169 of the Complaint, including footnote 8 to the heading to Plaintiff's third cause of cation.

170.     Defendant denies all allegations in Paragraph 170 of the Complaint.

171.     Defendant denies all allegations in Paragraph 171 of the Complaint.

29

172.     Defendant denies all allegations in Paragraph 172 of the Complaint.

173.     Defendant denies all allegations in Paragraph 173 of the Complaint.

174.     Defendant denies all allegations in Paragraph 174 of the Complaint.

175.     Defendant denies all allegations in Paragraph 175 of the Complaint.

176.     Defendant denies all allegations in Paragraph 176 of the Complaint.

177.     Defendant denies all allegations in Paragraph 177 of the Complaint, and demands the strictest of proof of all alleged damages, injuries, and harms.

178.     Defendant denies all allegations in Paragraph 178 of the Complaint, and demands the strictest of proof of all alleged damages, injuries, and harms.

## PRAYER FOR RELIEF

WHEREFORE, Defendant denies each and every allegation set forth in the "Prayer for Relief" paragraph of Plaintiff's Complaint (including all subparts), and specifically denies that Plaintiff is entitled to any of the damages or other relief requested in the Complaint, either expressly or by implication, including but not limited to the specific relief requested on page 27 of the Complaint, or to any relief whatsoever, and demands the strictest of proof of all alleged damages, injuries, and harms. Defendant further denies that it violated the TCPA or any other law in relation to this action and thus denies Plaintiff is entitled to relief under such laws. Defendant further denies that Plaintiff is entitled to treble damages or "[s]uch other relief" Plaintiff requests in the Complaint.

## GENERAL DENIALS

All allegations in the Complaint, including those presented in any and all attached exhibits or in any and all subparts or subparagraphs, that are not specifically admitted above are hereby expressly and fully denied, and Defendant denies any and all allegations implied or that may be inferred from any captions or headings in or footnotes to the Complaint or that purport to relate to

conduct by other parties. For the avoidance of doubt, as to the responses above, Defendant denies

any liability as to having violated the TCPA, or any applicable state or federal law, or that Plaintiff

is entitled to any damages or other relief under the TCPA or otherwise, including but not limited to

the specific statutory provisions identified in the Complaint or others. Defendant further denies

Plaintiff is entitled to any relief or damages whatsoever, and demands strict proof thereof.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant joins Plaintiff's

jury trial demand, and CHW demands a trial by jury of all issues triable of right by jury.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES TO THE COMPLAINT

By alleging the affirmative and other defenses herein and below, Defendant intends no

alteration of any burden of proof that otherwise exists with regard to the claims in the Complaint.

All defenses are pled in the alternative and do not constitute an admission either of liability, of subject

matter jurisdiction, or as to whether Plaintiff is entitled to relief. Defendant reserves the right to bring

affirmative claims against Plaintiff as permitted by applicable rules and law.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Defendant states that, notwithstanding the Court's ruling to the contrary on Defendant's

Motion to Dismiss or Strike the Complaint, and for the reasons stated therein, and respectfully,

Plaintiff's Complaint fails to, among other things, (1) set forth facts sufficient under federal pleadings

standards to state or constitute a claim against Defendant under the TCPA, (2) state facts sufficient

to entitle Plaintiff to the relief sought, or any relief whatsoever, from Defendant, or (3) plead facially-

certifiable class allegations. Further, Defendant contends Plaintiff will be unable to establish such

facts as necessary to satisfy Plaintiff's burden of proof as to the claim asserted. This pleading is

therefore made without prejudice to CHW's right to seek an interlocutory review on these issues.

## SECOND AFFIRMATIVE DEFENSE

### (Not Willful and/or Knowing)

Plaintiff has not carried and cannot carry his burden of showing that any action or omission by Defendant was "willful" or "knowing" and, therefore is not entitled to treble damages under the TCPA or any other law that provides for treble damages.

## THIRD AFFIRMATIVE DEFENSE

### (Consent Provided or Not Required)

Plaintiff's claims are barred in whole or in part because, to the extent he received any calls directly from Defendant, which Defendant denies, or from third parties on Defendant's behalf in this action, if any, he consented to receiving said calls and/or his consent was not required on account of the fact that the calls were not advertising, marketing, or solicitations under the TCPA nor unwanted and, in fact, were solicited by Plaintiff, and/or the caller did not employ a prohibited "artificial or prerecorded voice" message within the meaning of the TCPA to call Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Error)

Plaintiff's claims are barred because, to the extent he received any calls directly from Defendant or on behalf of Defendant, which Defendant denies, such calls were the result of error.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

At all times relevant to the matters alleged in the Complaint, Defendant acted in good faith, reasonably and without any actual or constructive knowledge of any alleged breach of any legal duty owed to Plaintiff, or any other alleged wrong done to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

### (Third Party Acts / No Vicarious Liability)

Plaintiff's claims are barred because the alleged conduct was caused or contributed to by the acts or omissions of Plaintiff and/or third parties other than Defendant, over which Defendant had no control, and for which Defendant is not liable either directly or vicariously. In particular, Defendant did not physically place the calls alleged in the Complaint and cannot be directly liable for such calls as a result. Further, Defendant did not authorize any third-party to place any calls in the manner alleged in the Complaint (*i.e.*, without consent or using a prerecorded message) or control any third party and that third party's call campaign, as is required for vicarious liability under the TCPA. To the extent a third-party made the calls as alleged, which Defendant denies, that third-party was not authorized to make, and in fact expressly prohibited from making, calls in such a manner. Accordingly, Defendant is not vicariously liable under the TCPA for such activity.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Join)

Plaintiff's claims fail due to his failure to join necessary or indispensable parties in this action, including but not limited to the person(s) or entity (or entities) who made the alleged calls in purported violation of the TCPA and/or acted on such person's or entity's behalf in doing so.

## EIGHTH AFFIRMATIVE DEFENSE

### (Fifth Amendment Due Process)

To the extent the TCPA is applied against Defendant to impose upon Defendant liability in circumstances that Defendant could not have reasonably avoided and/or damages that would be grossly disproportional to any actual harm caused by the activity in question, the TCPA violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE

### (Due Process – Punitive Damages)

To the extent that the Complaint seeks punitive or exemplary damages under the TCPA, it violates the rights of Defendant under the Due Process provisions of the United States Constitution. Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without due process of law." *See, e.g.*, *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 453, 454 (1993); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996). The TCPA affords discretion to award up to $1,500.00 "per violation."

## TENTH AFFIRMATIVE DEFENSE

### (Eighth Amendment Excessive Fines)

To the extent the TCPA is applied against Defendant to impose liability that would be grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA violates the Eighth Amendment to the U.S. Constitution, which prohibits excessive fines. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)).

## ELEVENTH AFFIRMATIVE DEFENSE

### (*De Minimis* Harm)

Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis* harm because the actual harm allegedly suffered by Plaintiff (if any, which is not conceded) is negligible.

## TWELFTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Plaintiff's claims are barred, in whole or in part, based upon the doctrines of unclean hands,

estoppel, waiver, and/or other doctrines or theories of equity, including but not limited to assumption of risk, particularly (but not limited) to the extent that, upon information and belief, Plaintiff consented to receiving the at issue calls, Plaintiff's alleged claims in this case lack any basis in law or fact and/or do not exist, and/or Plaintiff requested, sought out, consented to, induced or otherwise encouraged phone calls for the sole or intended purpose of bringing TCPA claims or without having suffered any injury. Further, Plaintiff's claims are barred in whole or in part by any applicable statutes of limitation. The failure to list a specific equitable defense herein should not be construed as a waiver of any equitable defenses. Rather, Defendant invokes, without limitation, all equitable defenses available to it under applicable law and interpretive authority.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Assertion of All Available Defenses Under the TCPA)

Defendant asserts, without limitation, all defenses available to it under the TCPA and its related implementing regulations, including but not limited to that Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent "telephone solicitations" in violation of the TCPA's regulations, and such practices and procedures were in place and followed at all relevant times. Plaintiff's claims are also barred to the extent he did not receive a "telephone solicitation" or is not a "residential telephone subscriber" within the meaning of the TCPA and its related implementing regulations. For the avoidance of doubt, Defendant invokes all affirmative defenses, defenses, protections, and limitations of the TCPA.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

Plaintiff has failed to state facts that would entitle him to obtain injunctive relief because, among other reasons, there is no threat of immediate and/or continuing harm, and therefore

35

Plaintiff lacks standing to pursue this relief and/or such relief is not available as a matter of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff lacks standing to bring his claims under Article III of the United States Constitution or otherwise (including "prudential" or "statutory" standing), particularly to the extent that Plaintiff consented to receiving the calls at issue in this action, requested to be called, induced the calls for the express purpose of bringing this lawsuit, did not suffer any injury-in-fact, cannot trace any alleged injury to Defendant and/or is not within the "zone of interests" that the TCPA and other laws invoked were designed to protect, among other reasons. In particular, Defendant did not make or authorize the unlawful calls alleged and therefore did not cause injury to Plaintiff. Further, because Defendant did not make or authorize the calls alleged to Plaintiff, Plaintiff's alleged injury, if any, cannot be redressed by Defendant. Plaintiff further lacks standing to the extent that he is not a "residential telephone subscriber" under the TCPA, or did not receive the calls at issue, or the at-issue calls did not involve an artificial or prerecorded voice, or the equipment used to make calls is not covered by or subject to the TCPA, among other reasons. For the avoidance of doubt, Defendant invokes all affirmative defenses, defenses, protections, and limitations of the TCPA.

Further, Defendant asserts that unnamed class members may lack Article III standing, even if Plaintiff is demonstrated to have standing, and therefore Defendant submits that such putative class members are barred from seeking relief under the TCPA and that class certification should not be permitted. *See, e.g., Huber v. Simon's Agency, Inc.*,  2023 WL 6629836 (3rd Cir. Oct. 12, 2023).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Purpose)

All conduct and activities of Defendant, including any purported agents, alleged in the

Complaint conformed to statutes, regulations and industry standards based upon the state of knowledge existing at the time(s) alleged in the Complaint. As a consequence, some or all of Plaintiff's claims are barred in full, or in part, based on Defendant's good faith belief that they had good cause and/or a legitimate business reason to act as they did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Intervening/Superseding Cause)**

The Complaint is barred, in whole or in part, to the extent that Plaintiff's purported damages, if any, resulted from acts and/or omissions of other parties, third parties, conditions, or by forces and/or things over whom/which Defendant had no control, including but not limited to any unidentified third parties who did not have Defendant's consent or authority to call Plaintiff on their behalf or at all in the manner described in the Complaint (*i.e.*, using a prerecorded message). To the extent a third-party made the calls as alleged that third-party was not authorized to make, and in fact expressly prohibited from making, calls in such a manner. Thus, the acts of such other parties/third parties/forces/conditions constitute intervening or superseding causes of any purported harm.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

If Plaintiff suffered or sustained any damages or injury as a proximate result of the purported conduct of Defendant, which Defendant denies, such damages or injury were proximately caused by or contributed to by the acts and/or negligence of Plaintiff and/or third parties, which bars or reduces Plaintiff's right to recover any such damages against Defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Ratification)**

The cause of action in the Complaint is barred, in whole or in part, by the doctrines of acquiescence, ratification, and consent for the reasons stated above, and for others. This is because, among other reasons, Plaintiff consented to receiving the calls at issue, or expressly invited or solicited the calls for the intended purpose of bringing a TCPA claim.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Plaintiff Cannot Meet the Requirements for Class Treatment)**

Plaintiff does not meet and cannot meet the class certification requirements of Rule 23 of Federal Rules of Civil Procedure. Specifically, Plaintiff cannot meet the requirements of numerosity, commonality, typicality, and/or adequate representation. Additionally, the putative class is not ascertainable by objective measures and common issues of law and fact do not predominate over individualized inquiries. Plaintiff also cannot meet the requirements for class certification because he is not a member of the classes he seeks to represent to the extent that there has been no TCPA violation and he consented to be called or solicited the calls. Moreover, some or all of the purported claims in the Complaint are barred because Plaintiff has not and cannot show that class action treatment is superior to other methods for the fair and efficient adjudication of this controversy.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Mandatory Individual Arbitration)**

Plaintiff's claims are barred, in whole or in part, to the extent that CHW determines that said claims are subject to a mandatory binding individual arbitration agreement between the parties, and/or to the extent Plaintiff agreed to waive his right to seek class treatment, particularly to the extent it is determined that Plaintiff opted in to CHW's terms and conditions. CHW has not made such determinations at this time and, therefore, will move to compel arbitration if/when possible. In the interim, CHW's participation in this matter should not be considered a waiver in this regard.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Additional and Other Defenses)

Certain additional affirmative and other defenses to the Complaint and to the purported claims for relief stated therein may be available to Defendant. However, these additional defenses may require discovery before they can be properly alleged as certain information is in the hands of Plaintiff and/or third parties. Thus, Defendant reserves the right to assert other separate and additional defenses, if and when they become appropriate in this action and to the extent allowed.

## RESERVATIONS OF ALL OTHER RIGHTS AND PRIVILEGES

Defendant expressly reserves the right to amend its responses above and affirmative defenses below for any reason as permitted by applicable rules, orders, and law. Defendant further reserves the right to move to compel Plaintiff to arbitrate his claims, if and when it is determined there is an applicable arbitration agreement between the parties; thus, this pleading should not be viewed as a waiver of CHW's arbitral rights. Defendant further reserves the right to move the Court to certify its order denying Defendant's motion to dismiss and/or strike the Complaint for interlocutory appeal pursuant to 28 U.S.C. §1292(b). Defendant reserves and does not waive the right to bring an affirmative action against Plaintiff or any responsible third parties, if and when it determines it has a legal and factual basis to do so, in accordance with applicable rules and law. For the avoidance of doubt, Defendant reserves all rights and privileges afforded to it under applicable rules and law, and intends no waiver hereby, whether or not said rights and privilege are expressly identified herein.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor, dismiss Plaintiff's Complaint with prejudice, award Defendant all of its costs and attorneys' fees incurred in defending this action to the extent available under applicable law, and grant Defendant

all other relief as the Court deems just and appropriate.

Dated: October 13, 2023                           Respectfully submitted,


                                                  By: /s/ A. Paul Heeringa
                                                  A. Paul Heeringa, Admitted *Pro Hac Vice*
                                                  **MANATT, PHELPS & PHILLIPS, LLP**
                                                  151 North Franklin Street, Ste. 2600
                                                  Chicago, IL 60606
                                                  (312) 529-6308 - Telephone
                                                  (312) 529-6315 - Facsimile
                                                  pheeringa@manatt.com

                                                  Emily A. Neal, Ark. Bar No. 2003087
                                                  Conner Eldridge, Ark. Bar No. 2003155
                                                  **ELDRIDGE BROOKS, PLLC**
                                                  5100 West JB Hunt Drive, Ste. 840
                                                  Rogers, AR 72758
                                                  4795537678 - Telephone
                                                  4795537553 - Facsimile
                                                  emily@eldridgebrooks.com
                                                  conner@eldridgebrooks.com

                                                  *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I filed the foregoing document (including any attached exhibits and documents) electronically on the Court's CM/ECF docket on October 13, 2023, which served same electronically upon all counsel of record.

<u>/s/ A. Paul Heeringa</u>