# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| **SAM KATZ**, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br>v.<br><br>**CHW GROUP, INC. d/b/a CHOICE HOME WARRANY,**<br><br>                    Defendant. | Case No. 22-cv-5198 |

## Joint Report Pursuant to Fed. R. Civ. P. 26(f)

Pursuant to Fed. R. Civ. P. 26, Local Rule 26.1, and the Court's initial scheduling order, Dkt. 33, the Parties hereby submit their Joint Rule 26(f) report.

1. **Any changes in timing, form, or requirements of mandatory disclosures.**

    None

2. **Date when mandatory disclosures will be made.**

    November 17, 2023.

3. **Subjects on which discovery may be needed.**

    The Parties propose a bifurcated/phased discovery schedule, initially (until the time set forth in section 5 below) limiting discovery to the merits of Plaintiff's individual claims against Defendant, as follows:

    - Plaintiff's consent to the at issue calls[1] (and related information), or lack thereof;

    - Plaintiff's individual allegations pled in the operative Complaint and

---

[1] For the purposes of this report, "calls" includes "texts."

1

        Defendant's affirmative defenses thereto;

- The calls (and related information) to or from Plaintiff, or lack thereof;

- Defendant's policies and procedures in place and that were in effect at the time of any calls to Plaintiff during the relevant time period in this case, including policies and procedures relating to the handling of do-not-call requests, any do-not-call policy or policies, use of prerecorded voice calls, TCPA compliance, and training relating thereto; and

- The identity of any third-party vendors and/or lead generators who made the calls at issue to Plaintiff or solicited Plaintiff's lead or provided Plaintiff's contact information to Defendant, and Defendant's relationship with third party vendors that may have placed the at-issue calls to Plaintiff.

The Parties agree that, if this proposal is acceptable to the Court, no class discovery (i.e., discovery regarding other persons who may have received calls from or on behalf of Defendant or that would be within the scope of the putative classes, other than Plaintiff himself) will occur during this period. For the avoidance of doubt, Plaintiff would be prohibited from obtaining data relating to any potential putative class member or that identifies any putative class members other than Plaintiff during this period, but could obtain generally applicable information (e.g., policies and procedures in effect that the time Plaintiff was allegedly called) from Defendant or any third parties. Should any disagreement arise under this paragraph arise about whether a particular discovery request amounts to class discovery, the Parties will attempt to resolve this disagreement in good faith, either informally or under the discovery dispute rules applicable to this proceeding.

4. **Disclosure and production of ESI**

   The Parties believe the production of ESI be necessary.

   a. **Limitation to data reasonably available**

      The production of ESI will be limited to data reasonably available to the Parties in the ordinary course of business, with the understanding that ESI maintained by third-party vendors with whom a Party voluntarily contracted shall, be construed as "reasonably available in the ordinary course of business" to that Party if it is ESI that the vendor would provide upon request, without a subpoena or similar legal process, to the contracting Party in accordance with applicable law. Should any disagreement arise under this paragraph arise about whether the presumption of availability should apply, the Parties will attempt to resolve this disagreement in good faith, either informally or under the discovery dispute rules applicable to this proceeding.

   b. **Anticipated scope, cost, and time**

      The scope, cost, and time required for the production of data beyond what is reasonably available to the Parties should be minimal, with the exception that should this matter proceed into detailed class discovery, the volume and universe of potential calls may take time to produce and compile. The Parties will work together to do so efficiently.

   c. **Format and media agreed to by the parties**

      The Parties agree to produce ESI in PDF or a Microsoft Office format (e.g. excel, word), with metadata preserved or attached (if any). To the extent a

document cannot be produced in such a format, the Parties will confer on an appropriate format.

    d. **Preservation of data**

    The Parties have taken appropriate steps to preserve discoverable data.

    e. **Other problems**

    None.

5. **Date by which discovery should be completed.**

    The Parties propose that the initial discovery period on the topics discussed in section 3 conclude on January 12, 2024.

6. **Changes in limitations imposed by the Federal Rules of Civil Procedure.**

    Should discovery be bifurcated as proposed, Fed. R. Civ. P. 30(d) applies, but a Party may, without further order of the Court, be deposed twice (once during the first discovery period, and again during the second discovery period), but limited to a cumulative total of 7 hours, and any second deposition shall be conducted remotely, at the election of deponent.

7. **Any orders, e.g. protective orders, which should be entered.**

    Defendant anticipates requesting a protective order regarding the confidentiality of documents. Defendant will provide a draft of said order to Plaintiff for review and possible consent at least two weeks prior to its deadline to respond to any written discovery requests to which the protective order might apply.

8. **Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

    None.

9. **Any objections to the proposed trial date.**

   The Parties ask that the currently proposed trial date of September 16, 2024 and a trial date be set at a subsequent scheduling conference, as detailed in section 14 below.

10. **Proposed deadline for joining other parties and amending the pleadings.**

    May 17, 2024

11. **Proposed deadline for completing discovery.**

    The Parties request that a schedule for remaining discovery be set at a subsequent scheduling conference, as detailed in section 14 below.

12. **Proposed deadline for filing motions other than motions for class certification.**

    The Parties request that summary judgment motions on Plaintiff's individual claims be filed on or before February 9, 2024, and the deadline for other motions be set at a subsequent scheduling conference, as detailed in section 14 below.

13. **Proposed deadline for filing a motion for class certification.**

    The Parties request that deadline for any motion for class certification be set at a subsequent scheduling conference, as detailed in section 14 below.

14. **Proposed Schedule Summary.**

| Item | Date |
| --- | --- |
| **Mandatory Rule 26 Initial Disclosures** | **November 17, 2023** |
| **Discovery on issues detailed in section 3** | **January 12, 2024** |
| **Summary judgment on individual claims** | **February 9, 2024** |
| **Amendment/Joinder** | **May 17, 2024** |

For the remaining unscheduled items, the Parties request a scheduling conference on the latter of February 16, 2024, or within fourteen (14) days after the Court's order on any timely filed individual summary judgment motion.

The Parties believe the above-proposed bifurcated schedule, and deferral of certain dates until a subsequent scheduling conference, maximizes efficiency in this case. There are certain high-level individual issues, which could be fully case dispositive or highly instructive, about which the Parties disagree. For example, Plaintiff contends he did not provide consent, while Defendant contends otherwise. Plaintiff contends all calls listed in the Complaint were from Defendant; Defendant contends otherwise. It would be inefficient and unnecessarily costly for the Parties to conduct discovery necessary to class certification prior to resolving these threshold issues, which will determine if such discovery is even necessary. For these reasons, courts have bifurcated discovery in TCPA putative class actions like this one, using a similar bifurcated schedule as the parties have proposed here, for the sake of efficiency and judicial and party economy. *See, e.g., Akselrod v. MarketPro Homebuyers LLC,* 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (granting defendant's motion to bifurcate in TCPA case, noting "[l]imited discovery has the potential to simplify the case and to save both parties the time and expense of class discovery, which can be particularly resource intensive."); *Newell v. Aliera Healthcare, Inc.,* 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020) ("Because consent is a dispositive issue … limited discovery on how [defendants] acquired Plaintiff's contact information and whether that acquisition constitutes consent under the TCPA 'has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery.'") (quoting *Physicians Healthsource, Inc. v. Janssen Pharmaceuticals, Inc.,* 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014)); *Osidi v. Assurance IQ, LLC*, 2022 WL 623733, at *2 (D. Mass. Mar. 3,

6

2022) (ruling in TCPA case that "the need for class discovery may be eliminated if [d]efendant is able to demonstrate that the [n]amed [p]laintiff lacks viable individual claims."); *Leschinsky v. Inter-Continental Hotels Corp.*, 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015) (granting defendant's motion to bifurcate discovery in TCPA class action, noting "Defendants' arguments in favor of a bifurcated discovery process [we]re well-taken"); *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019) (granting defendant's motion to bifurcate discovery in TCPA case where doing so served the interests of justice) (citing cases).

**15. Alternative Proposed Schedule.**

In the event the Court is disinclined to bifurcate the schedule as described above, the Parties propose the following schedule:

| **Item** | **Date** |
|---|---|
| **Mandatory Disclosures** | November 17, 2023 |
| **Amendment/Joinder** | May 17, 2024 |
| **Motion for Class Certification** | May 31, 2024 |
| **Completion of Discovery** | June 18, 2024 |
| **Filing of all remaining motions except Motions in Limine** | July 2, 2024 |
| **Motions in Limine** | September 2, 2024 |
| **Trial** | **September 6, 2024 (estimated 3 days)** |

Dated: November 8, 2023                     Respectfully submitted,

By: /s/ A. Paul Heeringa

A. Paul Heeringa, Admitted *Pro Hac Vice*
**MANATT, PHELPS & PHILLIPS, LLP**
151 North Franklin Street, Ste. 2600
Chicago, IL 60606
(312) 529-6308 - Telephone
(312) 529-6315 - Facsimile
pheeringa@manatt.com

Emily A. Neal, Ark. Bar No. 2003087
Conner Eldridge, Ark. Bar No. 2003155
**ELDRIDGE BROOKS, PLLC**
5100 West JB Hunt Drive, Ste. 840
Rogers, AR 72758
4795537678 - Telephone
4795537553 - Facsimile
emily@eldridgebrooks.com
conner@eldridgebrooks.com

*Attorneys for Defendant*


By: Jeremy M. Glapion (with permission)

Jeremy M. Glapion (Admitted *Pro Hac Vice*)
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.965.8006
jmg@glapionlaw.com


*Counsel for Plaintiff and the Putative Classes*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document (including any attached exhibits and documents) electronically on the Court's CM/ECF docket on November 8, 2023, which served same electronically upon all counsel of record.

/s/ A. Paul Heeringa