IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SAM KATZ                                                                                         PLAINTIFF

V.                                            CASE NO. 5:22-cv-5198

CHW GROUP, INC.
d/b/a Choice Home Warranty                                                           DEFENDANT

**FINAL SCHEDULING ORDER**

IT IS HEREBY ORDERED:

**1.      TRIAL DATE**

This case is scheduled for **JURY TRIAL** in **FAYETTEVILLE, ARKANSAS**, at the call of the Court during the week of **SEPTEMBER 16, 2024, beginning at 9:00 a.m.** Counsel are directed to report to **the second-floor Courtroom (Room 210)** at **9:00 a.m.** on the date of trial unless otherwise notified.

**2.      DISCOVERY**

Discovery in this matter is bifurcated. During the initial phase of discovery, unless the parties agree otherwise, the scope of discovery requests served on a party is limited to the merits of Plaintiff's individual claims against Defendant. The deadline to complete the initial phase of discovery is **February 16, 2024**. The parties may conduct discovery on the merits of Plaintiff's individual claims against Defendant beyond this date if all parties are in agreement to do so; however, the Court will not resolve any disputes in the course of this extended discovery. All discovery requests and motions must be filed sufficiently in advance of that date to allow for a timely response. Witnesses and exhibits not identified in response to appropriate discovery may not be used at trial except in extraordinary circumstances.

PLEASE BE ADVISED: A discovery motion must not be filed until counsel has made a good faith effort to resolve the discovery dispute. A good faith effort means, at minimum, an in-person or telephone conversation with opposing counsel (or opposing parties appearing *pro se*).

If the discovery dispute cannot be resolved with good faith effort, parties are encouraged, but not required, to request a telephone conference with the Court to determine whether the dispute can be resolved without motion practice. If no telephone conference is conducted, or if the parties cannot resolve the issue in conference with the Court, then a discovery motion may be filed.

If a discovery motion is filed without the benefit of a telephone conference with the Court, the motion should specifically set out what efforts were made to resolve the dispute without court intervention and/or why a conversation between the parties was not possible. A generic certification of conferral in good faith will not suffice. Any motion not properly setting forth a good faith effort may be denied on that basis alone. If a motion requires expedited consideration, that should be clearly requested in the motion.

If a discovery motion is filed without the benefit of a telephone conference with the Court, an initial response to the motion should be filed within three (3) business days. The initial response should indicate the responding party's position as to: (1) whether the dispute can be promptly resolved without court intervention; (2) whether the responding party intends to comply with the moving party's request and, if so, the expected time frame for compliance; (3) whether the responding party intends to substantively contest the motion and, if so, the minimum amount of time requested (not to exceed seven [7] days) to file a full response, and (4) whether a hearing would be beneficial. If the matter is resolved after the filing of a motion, please inform the Court immediately.

3.   **ADDITION OF PARTIES/AMENDMENT OF PLEADINGS**

Leave to add parties or amend pleadings must be sought no later than **February 16, 2024.**

4.   **MOTIONS**

The page limitations set out in the Court's initial scheduling order continue to apply.

All dispositive motions regarding Plaintiff's individual claims must be filed on or before **March 15, 2024.** Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Local Rules 7.2 and 56.1. Briefs in support of motions or responses are limited to 25 double-spaced pages in 12-point font. Responses should be limited to addressing issues raised in the motion.

Motions submitted after the deadline may be denied solely on that ground. <u>Except for motions for summary judgment, leave of court must be obtained to file a reply in support of a motion</u>. A reply filed without leave of court may not be considered. Any reply brief must be limited in length to no more than 7 double-spaced pages in 12-point font and must be limited in content to issues raised in a response by an opposing party.

PLEASE NOTE: Counsel are requested to pay careful attention to the statements of undisputed facts filed in support of any motion for summary judgment. The Court requests that these statements contain numbered paragraphs, with each paragraph containing a discrete, clear, concise statement of *material* fact with citations to the record establishing the fact. As to each numbered paragraph, the responding party should (1) agree with the stated fact, or (2) disagree in full or in part with the stated fact, citing to the record in support of the existence of a dispute. Responding parties may list additional facts that they believe are material and in dispute. If citing to a deposition, the complete condensed transcript of the full deposition should be attached as an exhibit. Accommodating these requests will greatly assist the Court in clarifying existing issues, reviewing the record, and ruling on the motion.

5.   **EXTENSIONS**

Any motion for extension of any deadline(s) must be in compliance with Fed. R. Civ. P. 6(b) and 16(b)(4). Motions filed before expiration of a deadline must set forth good cause for an extension. Motions filed after a deadline must be accompanied by a brief in support, pursuant to Local Rule 7.2, and must set forth excusable neglect warranting an extension. Lack of diligence on the part of an attorney will not ordinarily constitute either good cause or excusable neglect. The Court will not grant an extension, even if a motion is unopposed, without the requisite showing of good cause or excusable

neglect. Motions for extension of time do not toll a deadline. Counsel filing such motions close to or on the day of the deadline run the risk of the motion being denied.

Absent compelling circumstances, the Court will not grant a stay of this action or a continuance of the trial date or of any deadlines set forth in this order for the sole purpose of allowing the parties to pursue mediation or otherwise engage in settlement discussions.

**6.     SCHEDULING CONFERENCE**

Following the conclusion of the initial phase of discovery and after ruling on any dispositive motions pertaining to Plaintiff's individual claims, the Court will conduct a scheduling conference for the purpose of setting all remaining deadlines in this case, including for the second phase of discovery, for class certification motion practice, and for trial-related events and disclosures.

**7.     SETTLEMENT CONFERENCE**

Settlement conferences with the magistrate judge are not mandatory but are available at the parties' request. If the parties would like to request a settlement conference, they should contact the magistrate judge for the division in which the case is filed by **July 18, 2024,** so that a conference can be promptly scheduled.

**8.     CASE-MANAGEMENT CONFERENCE**

The parties may request an interim case-management conference at any time prior to the summary judgment deadline. Such conference may be useful in cases where the issues are capable of being refined either to narrow the issues for the Court to consider on summary judgment or to avoid summary judgment practice entirely, saving the parties time and resources that may be better expended preparing for trial or preparing a motion that succinctly addresses only the relevant issues. Requests for a conference should be sent by email to *pkhinfo@arwd.uscourts.gov*. The email should include an estimate of how long a conference might take and list any issues that the parties wish to address.

**9.     COMMUNICATION WITH COURT ON TRIAL DATE OR SETTLEMENT**

Please communicate with the Courtroom Deputy set out below at *pkhinfo@arwd.uscourts.gov* or by calling 479-783-1466 to ascertain your position on the calendar as the trial date approaches. In the event of settlement, advise the Courtroom Deputy immediately at the email or phone number set out above. The case will not be removed from the trial docket until a Joint Motion to Dismiss or a Joint Stipulation of Dismissal are filed in the case, and an order of dismissal has been entered.

DATED: November 20, 2023

AT THE DIRECTION OF THE COURT  
RONALD E. DOWLING, CLERK OF COURT

By: */s/ Michelle McEntire*  
Courtroom Deputy